# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE

NEW YORK, NEW YORK 10110

_____

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

August 3, 2020

_Via CM/ECF_

United States District Court
Southern District of New York
Honorable Judge Louis L. Stanton
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    _Ryan Barron et al. v. Helbiz Inc. et al._, 20-cv-4703 (LLS)

Dear Judge Stanton:

      Defendant Lorenzo Pellegrino ("Defendant" or "Pellegrino") submits this letter in response to the Court's letter, dated July 22, 2020, in which it requested the parties to address the potential application of _Morrison v. National Australia Bank Ltd._, 561 U.S. 247 (2010) ("_Morrison_").

      In _Morrison_, the Supreme Court established that, by virtue of the presumption against extraterritorial application of U.S. statutes, § 10(b) of the Securities Exchange Act of 1934, the basic antifraud provision of the U.S. securities laws, has no extraterritorial application, and no civil suit under that section may be brought unless predicated on a purchase or sale of a security listed on a domestic exchange or on a domestic purchase or sale of another security. _Parkcentral Glob. Hub Ltd. v. Porsche Auto. Holdings SE_, 763 F.3d 198, 200–01 (2d Cir. 2014) (applying _Morrison_ to dismiss securities suit that sought to apply the securities laws in an extraterritorial manner).[1]

      _Morrison_ warrants dismissal. As set out more fully in the Complaint (Dkt. No. 1) and the Motion to Dismiss Plaintiffs' Complaint Or, in the Alternative, to Strike Immaterial and Prejudicial Portions of the Complaint by Defendant Helbiz Inc., Salvatore Palella, Jonathan Hannestad, Stefano Cirvaegna, and Giulio Profumo (collectively, the "Helbiz Defendants") (Dkt. No. 78), this case involves purchases of coins from non-party HBZ

---

[1] Although _Morrison_ was based on statutory construction principles, in _Kiobel v. Royal Dutch Petroleum Co._, 569 U.S. 108 (2013), the Supreme Court extended _Morrison_ to make clear that "federal courts may not, under the Alien Tort Statute, recognize common-law causes of action for conduct occurring in another country." _Balintulo v. Daimler AG_, 727 F.3d 174, 194 (2d Cir. 2013) (citing _Kiobel_). The Ninth Circuit has opined that _Kiobel_ necessarily limits the extraterritorial application of common law. _Doe I v. Nestle USA, Inc._, 766 F.3d 1013, 1027 (9th Cir. 2014).  Here, the jurisdictional basis, the Class Action Fairness Act, a jurisdictional statute which specifies no substantive claims, is analogous to the Alien Tort Claims Act.  _See id._ ("the text of the ATS is focused solely on jurisdiction, and that the statute itself does not create a tort cause of action arising out of violations of international law.").

Systems Pte Ltd. ("HBZ"), a Singaporean company.  *See* Declaration of Andrea Monni in Support of Helbiz Defendants' Motion to Dismiss the Complaint, dated July 31, 2020 ("Monni Decl. ¶ 2) (Dkt. No. 75).  These purchases occurred through a foreign Initial Coin Offering ("ICO") and then largely in foreign secondary markets by foreign investors.  According to the HBZ's Terms and Conditions that governed the purchase of HBZ coins in the foreign ICO, U.S. persons could not purchase HBZ coins.  *See* Monni Decl. ¶¶ 14-15, Ex. C at Section 2.1, 5.1, and 10.2.  After the HBZ Systems ICO, the HBZ coin was listed for trading on several foreign cryptocurrency exchanges.  None of the exchanges were in the United States.  Monni Decl. ¶ 16.

Although this case purports to be based on state law, in reality it is a disguised federal securities law claim.  On numerous occasions the Complaint describes the plaintiffs as "investors" and/or refers to the purchase of Helbiz coins as "investments." Compl. ¶¶ 1, 2, 4, 5, 13, 14, 19, 21, 27, 34, 38, 44-45, 54, 60, 67, 74, 80, 82, 83, 85-87, 89, 96, 98, 99, 100, 104, 105, 117, 124, 134, 138, 140.  The core damages allegation is based upon the loss in investment value of the coins.  *See id.* at ¶¶ 30, 117-118.  This case is in substance a securities fraud action even if Plaintiffs labor to depict the claims as state law claims.

The label that Plaintiffs place on their claims is of no significance. This Court should elevate substance over form of a matter to determine whether dismissal is warranted. Defendant Pellegrino respectfully submits that this action should be dismissed on the strength of *Morrison.*

Respectfully submitted,

*/s/ Adam M. Bialek*

Adam M. Bialek

cc:  All counsel of record