UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN BARRON, FILIPPO BULGARINI D'ELCI, GRANT ECHOLS, ANTHONY CALIXTE, DENIS DASARI, ILLIA CHEHERST, ANDREW SKZLAREK, MARAT GARIBYAN, RISHI KHANCHANDANI, DANILS LEBEDEUS, DONG SEOK LEE, KAMIL JIWA, TAREK RAHMAN, FRANCISCO PEREIRA, and ABHISEK SIKARIA, for themselves and a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HELBIZ INC., SALVATORE PALELLA, ANTHONY DIIORIO, DECENTRAL INC., PAYSAFE LTD., LORENZO PELLEGRINO, SKRILL USA INC., ALPHABIT DIGITAL CURRENCY FUND, BINARY FINANCIAL, GIULIO PROFUMO, JONATHAN HANNESTAD, JUSTIN GIULIANO, SAEED ALDARMAKI, and unknown Defendants,<br><br>Defendant. | Civil Action No.: 1:20-cv-04703-LLS<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 7/12/22 |

## STIPULATED PROTECTIVE ORDER

WHEREAS, it is anticipated that the parties to this action will be producing and supplying information that a party may regard as proprietary or otherwise confidential;

WHEREAS, it is further anticipated that court filings in this matter will include references to documents or information that a party may regard as proprietary or confidential;

WHEREAS, Defendant Alphabit Digital Currency Fund ("Alphabit") and Plaintiffs desire to protect the confidentiality of any such proprietary or confidential information;

IT IS HEREBY stipulated and made an Order of the Court that all parties to this action, their representatives, agents, experts, and consultants, all third parties, and all other interested persons with actual or constructive notice of this Stipulated Protective Order, who are provided

with Confidential Information (as defined below), shall follow the procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in this action:

1. *Definitions.*

   a. *"Confidential"* information is information that the Designating Party in good faith reasonably believes contains an individual's private or personal information which, if disclosed, would violate the privacy rights of that individual.

   b. *"Designating Party"* means the party producing or designating information as Confidential under this Stipulated Protective Order, Alphabit.

   c. *"Receiving Party"* means any party to whom Confidential Information is produced under this Stipulated Protective Order, the Plaintiffs.

2. *Scope.*

   a. This Order shall govern the address and contact information where Defendant Saeed Aldarmaki may be served provided by Alphabit to Plaintiffs. This information is deemed "Confidential" as an individual's private or personal information, which, if disclosed, would violate the privacy rights of that individual.

   b. Such information shall be maintained in strict confidence by the parties to whom such material is produced and shall be used solely for the purpose of service of process of Defendant Saeed Aldarmaki.

3. *Use of Confidential Material in Pleadings or at Hearings.*

   a. In the event the receiving party determines to file or submit to the Court the information which has been set out in this Protective Order as "confidential,"

or any such papers revealing such information, such documents must be filed under seal.

b. If the receiving party disputes that such materials should be filed under seal, the receiving party shall file a motion within 7 days of the filing, must show good cause for lifting the seal of the documents, and must state whether the opposing party contests filing documents under seal.

c. When any material containing confidential information is filed with the Court under seal, the filing party shall the same day email a copy of all materials so filed to counsel of record for the Designating Party.

4. *Document Disposal.*

Except as otherwise agreed in writing by the Parties, upon final termination of this action (including all appeals), the Designating Party may demand that the Receiving Party destroy all "Confidential" information designated by the Designating Party withing 60 days of the demand. Counsel may retain one archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, deposition and trial exhibits, legal memoranda, correspondence, document productions, expert reports, attorney work product, and consultant and expert work product, even if such materials contain "Confidential" information. Any such archival copies that contain "Confidential" information shall remain subject to this Order.

5. *Provision of Legal Advice.*

This Order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this litigation from conveying to any party-client an evaluation in a general way of information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific

contents, directly or indirectly, of the "Confidential" information produced herein, which disclosure would be contrary to the terms of this Order.

6. *Survival of Obligations.*

This Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

7. *No Waiver.*

Nothing in this Order prevents a party from disclosing its own documents and information as it sees fit. Any use or discussing of the "Confidential" information shall not be deemed a waiver of the terms of this Order.

8. *Production of Information Pursuant to the Process.*

Nothing herein shall preclude either party from disclosing documents pursuant to any other lawful process or as may be required by any governmental or regulatory authority whose powers include requesting or compelling the disclosure of such documents. In the event any party is served with a subpoena or other request to disclose "Confidential" information produced, that party must give notice to the Designating Party within three (3) business days of receiving the subpoena or request, unless production of the "Confidential" information is required sooner, in which case as much notice as is practicable must be given in order to give the Designating Party an opportunity to quash the subpoena or other process.

9. *Not an Admission.*

Nothing in this Order or done by the Parties pursuant to this Order shall constitute an admission by the party, or shall be used as evidence, that information designated as "Confidential" is actually confidential. Furthermore, nothing contained herein shall preclude the Parties or a person from raising any available objection or seeking any available protection with respect to

"Confidential" information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege. *If the information is submitted to the Court to affect a judicial determination it very likely must be disclosed.* LLS

SIGNED on _July 12, 2022_____, 2022

_Louis L. Stanton_

The Honorable Louis L. Stanton

**AGREED:**

| **LOEVY & LOEVY** | **BAKER & HOSTETLER LLP** |
|---|---|
| By: _s/ Michael Kanovitz_ | By: _/s/ Carlos F. Ortiz_ |
| Michael I. Kanovitz | Carlos F. Ortiz |
| mike@loevy.com | cortiz@bakerlaw.com |
| 31 N. Aberdeen St., 3rd Floor | 45 Rockefeller Center |
| Chicago, IL 60607 | New York, NY 10111 |
| Phone: (312) 243-5900 | Phone: (212) 589-4200 |
| Facsimile: (312) 243-5902 | Facsimile: (212) 589-4201 |
| **COUNSEL FOR PLAINTIFFS** | **COUNSEL FOR ALPHABIT DIGITAL CURRENCY FUND** |

**CERTIFICATE OF SERVICE**

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on July 8, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of this filing to all counsel of record:

Carlos F. Ortiz

Baker & Hostetler LLP

45 Rockefeller Center

New York, NY 10111

cortiz@bakerlaw.com

_/s/ Carlos F. Ortiz_
Carlos F. Ortiz