UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

RYAN BARRON, ET AL.,

        Plaintiffs,      20 Civ. 04703 (LLS)
                                        ORDER

- against -

HELBIZ INC., ET AL.,

        Defendants.
- - - - - - - - - - - - - - - - - -X

On August 1, 2022, plaintiffs moved to serve their Amended Complaint and summons upon foreign defendants Saeed Aldarmaki, Anthony Diiorio, and Decentral, Inc. via email or, alternatively, by using an international mail delivery service that confirms delivery with the signature of an adult at the intended recipient's address. Dk. No. 192. Plaintiffs' letter motion to effectuate alternative means of service on defendants Saeed Aldarmaki, Anthony Diiorio, and Decentral, Inc. is granted.

## Legal Standards

Federal Rule of Civil Procedure Rule 4(f)(3) allows an individual to be served outside of the United States "by other means not prohibited by international agreement, as the court orders." F.R.C.P. 4(f)(3). Thus, the court "'may fashion means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due

process.'" E.g., Stream SICAV v. Wang, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (quoting SEC v. Anticevic, No. 05 Civ. 6991(KMW), 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009)). Constitutional notions of due process require the means of service to be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

The district court has sound discretion over the decision of whether to order service of process under Rule 4(f)(3). Berdeaux v. OneCoin Ltd., No. 19-CV-4074 (VEC), 2020 WL 409633, at *1 (S.D.N.Y. Jan. 24, 2020). In exercising that discretion and evaluating whether alternative service is necessary, courts in this Circuit have generally required: "(1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." E.g., Stream SICAV v. Wang, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013). There is no requirement that a plaintiff attempt service through the other provisions of Rule 4(f) before turning to Rule 4(f)(3). See AMTO, LLC v. Bedford Asset Mgmt., LLC, No. 14-CV-9913, 2015 WL 3457452, at *4 (S.D.N.Y. June 1, 2015).

Federal Rule of Civil Procedure Rule 4(h) confirms that service of process on foreign corporations may be made using the same methods outlined in Rule 4(f)(3). F.R.C.P. 4(f)(3) (requiring a foreign corporation be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)").

### Application

The proposed means of service are not prohibited by international agreement. Defendant Aldarmaki is a resident of the United Arab Emirates, which is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters or, as known to the Court, any other international agreement to facilitate service of process within its borders.

Defendant Diiorio, who is a named defendant and the registered agent of service for Decentral, is a resident of Canada, which is a party to the Hague Convention. The Hague Convention provides that the primary method of service is through a country's Central Authority. Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 2, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638. But in doing so, it in no way forbids service by email, unless the signatory country has explicitly objected

to service by electric means. See Zanghi v. Ritella, No. 19 CIV. 5830 (NRB), 2020 WL 589409, at *6 (S.D.N.Y. Feb. 5, 2020)("The Hague Convention does not prohibit service on a foreign defendant's U.S. counsel or service by email."); Sulzer Mixpac AG v. Medenstar Indus. Co., 312 F.R.D. 329, 339 (S.D.N.Y. 2015) (declining to "extend countries' objections to specific forms of service permitted by Article 10 of the Hague Convention, such as postal mail, to service by other alternative means, including email").

Canada does not object to service of process through the alternative means proscribed by Article 10 of the Convention, like "postal channels." Nor is there any evidence that Canada objects to service of process through email.

The alternative methods of service proposed by Plaintiffs, when taken together, comport with the constitutional notions of due process. Service by email alone comports with due process only when the plaintiff demonstrates, through evidence, that the email is likely to reach the defendant. Zanghi v. Ritella, No. 19 CIV. 5830 (NRB), 2020 WL 589409, at *6 (S.D.N.Y. Feb. 5, 2020). The plaintiff must show that the email is undisputedly connected to the defendants and used by them for business purposes. Id.

Here, the only evidence that plaintiffs offer to show that the email addresses are connected to the defendants is the fact

that the emails were supplied to plaintiffs by the other defendants who have appeared in this case. While this may, at best, support a showing that the emails are connected to the defendants, it does not shed light on whether the email addresses are used for business or even if they are regularly checked by the defendants.

Thus, to ensure that defendants receive adequate notice of the pendency of this action, plaintiffs must also use an international mail delivery service that confirms delivery with the signature of an adult at the intended recipient's address. Cf., Water Splash, Inc. v. Menon, 137 S. Ct. 1504, 1513 (2017) (holding the Hague Convention permits service by mail when "first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law").

Plaintiffs have shown that alternative service is necessary. Plaintiffs have reasonably attempted to effectuate service on defendants. In regard to Mr. Aldarmaki, plaintiffs called upon the Court's aid in securing his address and once furnished with it sought a summons from the clerk and attempted to effectuate service through an international mail service requiring the addressee's signature. As to Mr. Diiorio and Decentral, plaintiffs have hired two separate process service firms to effect personal service at Mr. Diiorio's residence and

have coordinated with the Central Authority in Ontario Canada for service. Neither method has yet prevailed.

The Court's intervention is necessary to effectuate service. The UAE does not recognize letters rogatory and effectuating personal service can be dangerous. In re Terrorist Attacks on Sept. 11, 2001, 718 F. Supp. 2d 456, 490 (S.D.N.Y. 2010), aff'd on other grounds, 714 F.3d 109 (2d Cir. 2013). Mr. Diiorio appears to be intentionally dodging service.

## Conclusion

The Court authorizes service of Aldarmaki, Diiorio, and Decentral by (a) email to the addresses provided by the other defendants appearing in this case and (b) international mail delivery service that confirms the delivery with a signature from an adult at the intended recipient's address.

Plaintiffs are granted a 60-day extension from the entry of this order to effectuate service.

So Ordered.

Dated: New York, New York
       August 5, 2022

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J