UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

RYAN BARRON, ET AL.,

                Plaintiffs,        20 Civ. 04703 (LLS)
                                                ORDER

   - against -

HELBIZ INC., ET AL.,

                Defendants.
- - - - - - - - - - - - - - - - - - -X

    Before the Court is a single, unopposed motion seeking to appoint as lead plaintiffs Messrs. Bulgarini, Dasari, Echols, and Rahman to represent Class 2 on Counts 10-12 of the Amended Complaint in this putative securities class action (Dkt. Nos. 168, 181, 182).

    Counts 10-12 allege violations of the Securities Exchange Act §§ 9, 10(b), and 20(a) for manipulating the price of HelbizCoin and making false and misleading statements in connection with the selling and promoting of HelbizCoin in the Initial Coin Offering and on exchanges thereafter. In the Amended Complaint, movants seek relief on behalf of "all purchasers of HelbizCoin during the class period and seeks recovery under Counts IX-XI [sic] of this complaint."[1] Amd.

---

[1] The Court assumes that the statement in the Amended Complaint that movants seek "recovery under Counts IX-XI of this complaint" is a typo because Count IX alleges Negligent Supervision, which is not subject to the PSLRA. The Court therefore proceeds under the movants' statement in their letter

1

Compl. (Dkt. No. 131) ¶ 721.

The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(i), requires the Court to appoint as lead plaintiff the class members "most capable of adequately representing the interties of the class." It further provides that:

> the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--
>
> > (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Id. § 78u-4(a)(3)(B)(iii)(1).

Messrs. Bulgarini, Dasari, Echols, and Rahman filed the Amended Complaint and made this letter motion in response to a notice, satisfying the first requirement.

Movants also meet the requirements of Fed. R. Civ. P. 23 relevant to lead plaintiff appointment. "Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998). "Further, at this stage of litigation, only a preliminary showing of typicality and adequacy is required." Kaplan v.

---

motion seeking appointment as lead plaintiff for claims X-XII, all of which are subject to the PSLRA.

2

Gelfond, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). Movants' claims are typical of the class, as both movants and class members purchased and held Helbizcoin during the class period and claim damages due to Defendants' allegedly false and misleading statements and acts of price manipulation. Movants' interests are aligned with the putative class, and they have retained competent counsel to fairly and adequately prosecute their claims.

Mr. Rahman suffered the largest loss at $23,262.41 USD. Messrs. Bulgarini, Dasari, and Echols each respectively lost $5,082.82, $3,646.20, $2,474.95.

As most of the actual management of the multiple issues presented in this case will necessarily be done by the lawyers, there is no showing why a committee of lead plaintiffs should be appointed. It would inevitably produce the multiplication of effort, the need for resolving inconsistent views, and bad management (let alone large increase in expenses), which encapsulates the timeworn observation that too many cooks spoil the broth.

Because Mr. Rahman suffered the largest loss, he shall serve as the lead plaintiff. His law firm of choice, Loevy & Loevy, is appointed as lead counsel for the class.

So ordered.

...

Dated:     New York, New York
           August 10, 2022

                              _Louis L. Stanton_
                              LOUIS L. STANTON
                                  U.S.D.J.