UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

    RYAN BARRON, ET AL.,

              Plaintiffs,          20 Civ. 04703 (LLS)
                                            OPINION & ORDER
    - against -

    HELBIZ INC., ET AL.,

              Defendants.
- - - - - - - - - - - - - - - - - - -X

    Pursuant to Federal Rule of Civil Procedure 54(b) and S.D.N.Y. Local Civil Rule 6.3, defendant Anthony Di Iorio moves for reconsideration of the Court's September 1, 2023 Order (Dkt. No. 244) ("Order"), which granted in part and denied in part his Motion to Dismiss the First Amended Class Action Complaint. The Order dismissed eleven of the twelve claims against Di Iorio. Di Iorio now argues that the twelfth claim, Count XV for aiding and abetting under the Commodities Exchange Act ("CEA"), should also be dismissed.

    The Court upheld Count XV against all defendants because of the existence "of an underlying CEA claim." Order at 46-47. Plaintiffs brought three CEA claims against Di Iorio: market and price manipulation (Count XIII); principal/agent liability (Count XIV); and aiding and abetting (Count XV). First Amended Class Action Complaint (Dkt. No. 127) ("FAC") at 229-34. All three CEA claims rested upon plaintiffs' allegation that Di Iorio was the owner of the genesis wallets. See FAC at 244 & ¶¶ 809, 820, 822. In dismissing Counts XIII and XIV, the Court found that "plaintiffs fail to state any claim that is dependent upon Di Iorio owning the genesis wallets." Order at 43. As Di Iorio points out, the third CEA claim, Count XV, is similarly dependent upon Di Iorio owning the genesis wallets. See FAC at 233-34. As a result, it should have been dismissed.

    "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 C. Wright, A. Miller & E. Cooper, Fed. Practice & Procedure § 4478 at 790) The Court erred in failing to dismiss Count XV against Di Iorio. Reconsideration is therefore proper.

    The Court grants Di Iorio's Motion for Reconsideration and amends its September 1, 2023 Order to grant Di Iorio's Motion to Dismiss the First Amended Class Action Complaint in full. Count XV is dismissed

with prejudice and without leave to amend, as amendment would be futile.

So ordered.

Dated:   New York, New York
         November 30, 2023

                                    _____Louis L. Stanton_____
                                         LOUIS L. STANTON
                                             U.S.D.J.