ORIGINAL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/13/23
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

RYAN BARRON, FILIPPO BULGARINI
D'ELCI, DENIS DESARI, ILLIA
CHEHERST, MARAT GARIBYAN, RISHI
KHANCHANDANI, DANIILS LEBEDEUS,
DONG SEOK LEE, TAREK RAHMAN,
ABHISHEK SIKARIA, for themselves and
a class of others similarly
situated,

       Plaintiffs,    20 Civ. 04703 (LLS)

                CERTIFICATION UNDER
                28 U.S.C. § 1292(b)

   - against -

HELBIZ INC., SALVATORE PALELLA,
NETELLER (US) INC., SKRILL USA INC.,
LORENZO PELLEGRINO, MILOS
CITOVEK, JONATHAN HANNESTAD,
STEFANO CIRAVEGNA, MICHAEL
COPPOLA, GIULIO PROFUMO, JUSTIN
GUILIANO, and SAEED ALDARMAKI,

       Defendants.
- - - - - - - - - - - - - - - - - - -X

   On the letter-application of defendants Helbiz Inc., et al., and over the opposition of plaintiffs, Ryan Barron, et al., I hereby certify my September 1, 2023 Opinion and Order (the "Order") (Dkt. No. 244) for interlocutory appeal under 28 U.S.C. § 1292(b).

### Background

   In this almost unmanageably complex class action, plaintiffs allege that the defendants participated in a cryptocurrency "pump and dump" scheme and deceived them into purchasing HelbizCoin cryptocurrency. In a 238-page complaint, fifteen lead plaintiffs

1

assert nineteen different claims sounding in common law and state and federal statutes. The state and common law claims include breach of contract, tortious interference, trespass and conversion of chattels (bitcoin), conversion of funds and embezzlement, constructive trust, quiet title, common law fraud, consumer protection and unfair practices, negligent supervision, negligent misrepresentation, unjust enrichment, and respondeat superior. The federal claims allege violations of three statutes: the Securities Exchange Act of 1934, the Commodities Exchange Act, and the Racketeer Influenced and Corrupt Organizations Act ("RICO").

I originally dismissed plaintiffs' complaint. Dkt. No. 116. I found that HellbizCoin was a security, which made it subject to analysis under Morrison v. Nat'l Australia Bank Ltd., 561 U.S. 247, 269-70 (2010), which held that the proper test for extraterritorial application of U.S. securities law is whether purchases were made in the U.S. or on a domestic exchange. There was no allegation or showing that either had taken place, although there was extensive electronic processing of the bitcoin transactions in the United States.

The Court of Appeals vacated and remanded, without criticism of that reasoning, holding that Morrison should not have been applied to the state law claims. Barron v. Helbiz, Inc., No. 21-278, 2021 WL 4519887 (2d Cir. Oct. 4, 2021) (summary order). Plaintiffs were given leave to amend their complaint to add factual allegations related to domesticity and make a separate federal securities claim under Section 10(b) of the Securities Act. That process took months, partly due to

the number of law firms involved. On remand, the amended complaint pleaded a number of U.S. sellers, enough to undermine the assertion that there were no domestic transactions, pending trial. Order at 14-22.

But defendants have a substantial basis for challenging the supposition that domestic purchases should be inferred from the existence of domestic participants, which is theoretically acceptable but supported only by actual evidence of several U.S. sellers and three U.S. purchasers. A ruling in defendants' favor would remove the jurisdictional basis for the Securities Act claims, and potentially the other federal claims.

This presents a controlling question of law on which there are sound grounds for differences of opinion, and its resolution will materially advance the ultimate termination of this monstrous class action, overburdened as it is with litigants, law firms, and bitcoin currency.

## Discussion

### I. Controlling Question of Law

All of the federal statutes under which plaintiffs make claims - the Securities Act, Commodities Act, and RICO - require domesticity. See Morrison, 561 U.S. at 267 (holding that Section 10(b) of the Securities Act applies only to "transactions in securities listed on domestic exchanges, and domestic transactions in other securities"); Loginovskaya v. Batratchenko, 764 F.3d 266, 271-73 (2d Cir. 2014)

(applying Morrison to Commodities Act claims); RJR Nabisco, Inc. v. European Community, 579 U.S. 325, 339 (2016)(holding that RICO "applies to foreign racketeering activity—but only to the extent that the predicates alleged in a particular case themselves apply extraterritorially"); European Community v. RJR Nabisco, Inc., 764 F.3d 129, 140-42 (2d Cir. 2014) (holding that the wire fraud statute does not have clear intent of extraterritoriality), rev'd and remanded on other grounds, 579 U.S. 325 (2016). Without the Securities Act claims, and potentially the other federal claims, the relegation of the remaining state claims to be heard in state court will lead to the dismissal of the case entirely. See Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); Cohen v. Postal Holdings, 873 F.3d 394, 404 (2d Cir. 2017 (Calabresi, J., concurring).

## II.  Substantial Grounds for Difference of Opinion

Acceptance of the pleading of adequate domesticity on remand rested on two factual allegations: (1) that the wallet that minted the coins was controlled by Palella, a New York resident, and operated in New York and (2) that numerous defendants were physically situated in the United States when they incurred irrevocable liability by selling their own HelbizCoin on the secondary market. Order at 16-17 (internal quotations omitted). That seemed sufficient at the motion to dismiss stage under Absolute Activist Value Master Fund Ltd. v. Ficeto, 677 F.3d 60, 67-68 (2d Cir. 2012), which held that a transaction is "domestic if irrevocable liability is incurred or title passes within the United States," including "that the purchaser incurred irrevocable

4

liability within the United States to take and pay for a security, or that the seller incurred irrevocable liability within the United States to deliver a security."

Defendants point to cases in this Circuit holding that U.S. ties on only one side of a transaction are not enough to create a domestic nexus. In City of Pontiac Policemen's & Firemen's Retirement System v. UBS AG, 752 F.3d 173, 188 (2d Cir. 2014), the Second Circuit found that a trade was not sufficiently domestic where the purchaser "places a buy order in the United States for the purchase of foreign securities on a foreign exchange." Similarly, in Anderson v. Binance, No. 1:20-CV-2803, 2022 WL 976824, at *4 (S.D.N.Y. Mar. 31, 2022) (internal quotations and citations omitted), the district court held that "Plaintiffs must allege more than stating that Plaintiffs bought tokens while located in the U.S. and that title passed in whole or in part over servers located in California."

Most purchasers listed in the First Amended Complaint (Dkt. No. 131) ("FAC") were alleged to have U.S. citizenship or residency, but were not claimed to have been physically present in the U.S. at the time of their transactions. That is not enough, as "a party's residency or citizenship is irrelevant to the location of a given transaction." Absolute Activist, 677 F.3d at 70. Nonetheless, Plaintiffs identified a handful of purchasers who were physically present in the U.S. at the time of their transactions. Order at 18; FAC ¶¶ 34 (Calixte), 35 (Echols), 45 (Jiwa), 200 (Echols & Jiwa). It still may be that their transactions are "so predominantly foreign as

5

to be impermissibly extraterritorial." Parkcentral Glob. Hub Ltd. v. Porsche Auto. Holdings SE, 763 F.3d 198, 216 (2d Cir. 2014).

### III. Materially Advance Ultimate Termination

This case is almost unmanageably complex. Its 238-page complaint has 841 paragraphs and 19 causes of action. Trial and pre-trial proceedings will undoubtedly continue to be lengthy, slow, and expensive. Interlocutory review will limit the risk of holding a large, long, and costly trial that could be rendered moot if domesticity is found lacking on appeal. Affirmance would similarly increase efficiency by providing clarity on questions of domesticity in future proceedings in this and similar cases.

Defendants' Motion for Certification pursuant to 28 U.S.C. § 1292(b) is granted.

So ordered.

Dated:   New York, New York
         December 13, 2023

                                    _____
                                         LOUIS L. STANTON
                                             U.S.D.J.