

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

January 13, 2025

**Via CM/ECF**

Honorable Judge Barbara Moses
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re: <u>Barron et al. v. Helbiz Inc., et al., Case No. 1:20-cv-4703</u>

Dear Judge Moses:

    I represent Defendants Micromobility.com Inc. (f/k/a/ Helbiz Inc.), Salvatore Palella, Lorenzo Pellegrino, Giulio Profumo, Jonathan Hannestad and Justin Giuliano (the "Helbiz Defendants.")  I am writing in response to the letter motion dated January 10, 2025 from Plaintiffs' counsel seeking an Order compelling each Helbiz Defendant to produce financial disclosure information (the "Motion")(ECF No. 320)

    The Motion misstates the Helbiz Defendants' position with regard to the production of financial records.  Indeed, counsel for Plaintiffs and the undersigned negotiated the nature and extent of the financial records that would be produced to Plaintiffs that is set forth in seven paragraphs of the stipulation dated January 8, 2025 (ECF No. 319)   Each of the Helbiz Defendants has a copy of the stipulation and has informed me that they intend to argue their inability to pay a significant settlement.

    The specific language of the stipulation that Plaintiffs are objecting to is a statement before the list of financial records, which states: *"To the extent that Helbiz and any individual Helbiz Defendants including Mr. Pellegrino intends to make an argument based on an inability to pay the following documents will be produced:"*

    There are numerous reasons why the Court should deny the Plaintiffs' motion for an Order requiring each Helbiz Defendant to produce the records listed.  First, many of the records sought go back to 2018.  As the Helbiz Defendants are still gathering financial records, the undersigned has not yet seen all of the financial records from each Helbiz Defendant and therefore is not in a position to stipulate that each and every document listed will or can be obtained for each of the Helbiz Defendants by the January 17, 2025 deadline.  The Helbiz

Defendants have informed me that they do intend to argue an inability to pay and to participate in the settlement conference in good faith. In the hypothetical case of a particular Helbiz Defendant providing insufficient financial disclosure in the Plaintiffs' judgment, Plaintiffs are free to weigh that information in their evaluation of any settlement offers and proposed inability to pay. Moreover, Helbiz is a small publicly traded microcap company and its financial information is publicly available from its filings with the Securities and Exchange Commission.

The Court was clear on the January 2, 2025 call with the parties that the financial disclosures would only be applicable to a defendant that intends to make an inability to pay argument. In fact, defendants Saeed Al-Darmaki and Skrill USA Inc. are not making an inability to pay argument and will not be producing any financial information ahead of the settlement conference. Plaintiffs' justifications for singling the Helbiz Defendants out are without merit. First, Plaintiffs state that they are not seeking financial disclosure from Defendant Al-Damarki because he appears to be small player in the fraud as compared to the Helbiz Defendants and (b) he has never claimed not to be well-off. (See footnote 2 in the Motion) Plaintiffs further state that Skrill USA Inc. ("Skrill") likewise has never stated it lacks the ability to pay and is also part of a large company traded on the NYSE. (Id.)

Plaintiffs' characterization of Al-Damarki in the Motion as a small player is not consistent with how they depict Al-Damarki in their First Amended Complaint or in the causes of action asserted against him. In addition, Plaintiffs' basis for not seeking financial disclosure information from Skrill USA Inc. because it is part of a larger company is equally without merit. It is blackletter law that a corporate parent is not liable for the debts and obligation of a corporate subsidiary (such as Defendant Skrill) and Plaintiffs give no reason whatsoever as to why they believe Skrill's parent company would contribute a penny to any settlement or ultimate judgment. Plaintiffs have similarly not provided any evidence that Skrill's financial information or net worth is separately broken out in the parent company's public filings.

Finally, Plaintiffs are inexplicably seeking a stipulation from the Helbiz Defendants that if they don't produce all of the financial disclosure information by January 17, 2025 that they have "funds to pay a reasonable class wide settlement." Paragraph 28 of First Amended Complaint preposterously seeks damages in excess of $30 billion (ECF No. 131), an astronomical sum that is far beyond the ability of the Helbiz Defendants' ability to pay. Even a 10% fraction of this amount is $3 billion. Micromobility.com has already produced to Plaintiffs all of their later obtained directors and officers insurance policies to confirm that no insurance is available to cover a settlement in this matter.

Plaintiffs provide no specific amount as to what they would consider a "reasonable" class wide settlement. For the first time in their Motion, Plaintiff's now state that a reasonable class wide settlement could be "any number." Accordingly, Plaintiffs' request that the Helbiz Defendants stipulate that they have the ability to pay a vague and undefined "reasonable class wide settlement" is inappropriate for a stipulation.

Finally, the Helbiz Defendants will be presenting other substantive arguments at the settlement conference besides inability to pay arguments. Those arguments relate to their

substantive defenses to the Plaintiffs' causes of action, the small amount of money raised in the Initial Coin Offering at issue and the low likelihood that a class will be certified.

      In conclusion, the Helbiz Defendants intend to participate in the settlement conference in good faith and each of the individual Helbiz Defendants have informed me that they intend to assert an inability to pay argument. For these reasons, Plaintiffs' motion should be denied.

                                     Respectfully submitted,

By:   /s/ Robert G. Heim
        Robert G. Heim
        1350 Broadway
        New York, New York 10018
        Tel: (212) 216-8000
        Facsimile: (212)216-8001
        Email: rheim@tarterkrinsky.com

*Attorneys for Defendants Micromobility.com Inc., Salvatore Palella, Lorenzo Pellegrino, Giulio Profumo, Jonathan Hannestad and Justin Guiliano*

cc: All parties via CM/ECF