UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN BARRON, et al.,

        Plaintiff,

   -against-

micromobility.com Inc. *f/k/a Helbiz Inc.*, et al.,

        Defendants.

20-CV-4703 (PKC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    This action has been referred to me for settlement. (Dkt. 314.) All parties expect the Helbiz Defendants to negotiate, in part, on the basis that they do not have the resources to pay a substantial settlement amount. In an effort to make the conference as productive as possible, I conducted a conference call with all counsel on January 2, 2025, during which the parties agreed to exchange certain documents, for settlement purposes only, in advance of the settlement conference – including, in the case of the Helbiz Defendants, their federal tax returns, financial statements, and other documents concerning their finances. The parties were to prepare a stipulation setting forth that agreement.

    In a letter dated January 8, 2025 (Dkt. 319), the parties propose February 3, 2025, for the settlement conference, list various categories of documents, and report that they have "attempted to jointly stipulate" to produce those documents by January 17, 2025, but that "a dispute has arisen regarding the language of the stipulation as to the Helbiz Defendants," who apparently wish to state that they "shall produce the following documents *or forgo any arguments at the settlement conference concerning their inability to pay*." Jan. 8 Ltr. at 1 (emphasis added). In a follow-up letter dated January 10, 2025 (Dkt. 320), plaintiffs argue that the Helbiz Defendants are not entitled to "unilaterally add[] their own Plan B," and ask me to "order the Helbiz Defendants to produce the [agreed-upon] financial information they have stipulated to in Dkt. 319 on or before January

17, 2025." Jan. 10 Ltr. at 1, 3. In a responding letter dated January 13, 2025, the Helbiz Defendants state that they "intend to argue their inability to pay" and consequently are diligently gathering the records described in the January 8 letter, but cannot guarantee "that each and every document listed will or can be obtained for each of the Helbiz Defendants by the January 17, 2025 deadline." Jan. 13 Ltr. at 1. The Helbiz Defendants assure me that they intend to participate in the settlement conference in good faith and ask me to deny plaintiffs' motion to compel.

To the extent that plaintiffs conceive of their January 8 and/or 10 letters as a motion to compel production of documents, the motion is DENIED. I do not have a reference for discovery supervision. Moreover, the purpose of the stipulated document exchange is to facilitate settlement, not to expedite discovery. The wording of the stipulation is thus considerably less important than the document exchange itself. Consequently, the parties are directed to proceed with their negotiated document exchange as promptly as possible. No later than *January 22, 2025* (after they have had an opportunity to review one another's documents), the parties must submit a joint letter advising me whether they have sufficient information to proceed to the settlement conference (and whether they still wish to conduct that conference on February 3, 2025).[1]

The Clerk of Court is respectfully directed to close the letter-motions at Dkts. 319 and 320.

Dated: New York, New York  
January 17, 2025

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**

---

[1] The Court will hold that date through the close of business on January 22, 2025.

2