UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
RYAN BARRON, et al.,

                Plaintiffs,

      - against -

MICROMOBILITY.COM INC., et al.,

                Defendants.
-------------------------------------------------------------

1:20-cv-04703(PKC)

## **STIPULATED [PROPOSED] CONFIDENTIALITY ORDER**

    WHEREAS Plaintiffs Ryan Barron et al. ("Plaintiffs"), and Defendants micromobility.com Inc, Salvatore Palella, Lorenzo Pellegrino, Giulio Profumo, Jonathan Hannestad and Justin Giuliano, Skrill USA Inc., and Saeed Al Darmaki ("Defendants"), parties to the above referenced litigation (collectively, the "Parties," and individually, a "Party"), consider certain information and documents in their possession to be confidential and proprietary including, *inter alia,* sensitive financial, commercial, business and personal information, and expect that such confidential and proprietary information is or will be encompassed by discovery demands made to each other,

    WHEREAS the Parties therefore desire that a protective order limiting the use, access to, and disclosure of such information and documents be entered,

    WHEREAS the Parties, through their undersigned counsel, have stipulated to the entry of this Protective Order pursuant to Federal Rule of Civil Procedure 26(c), and the Court having reviewed the terms of the same, and good cause has been shown for the entry of this Protective Order,

    IT IS HEREBY ORDERED that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the production and use of information and documents produced or made available in this matter shall proceed in accordance with the following terms:

1. **Confidential Information**

Any Party to this litigation shall have the right to designate as "Confidential" and subject to this Protective Order any information, document, or thing (including, without limitation, paper or electronic documents, written discovery responses, deposition testimony or exhibits), or portion of any document or thing, that contains trade secret information or any other information that the party producing (the "Producing Party") believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure including, *inter alia,* sensitive financial, commercial, business and personal information ("Confidential Information").

2. **Designation of information as Confidential**

   a. A person designates information in a document or thing as Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL". A Party may make documents or things containing Confidential Information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the Producing Party causes copies of the documents or things to be marked as Confidential before providing them to the recipient.

   b. A person designates information in deposition testimony as Confidential by stating on the record at the deposition that the information is Confidential or by advising the opposing party and the stenographer and videographer in writing, within thirty days after receipt of the deposition transcript, that the information is Confidential. Unless otherwise agreed to by the Parties, all deposition testimony shall be deemed Confidential until thirty days after receipt of the deposition transcript by the Party being deposed.

   c. A person's failure to designate a document, thing, or testimony as Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

      d.    A person who has designated information as Confidential may withdraw the designation by written notification to all Parties in the case.

      e.    Any Party to whom information designated Confidential is produced may object at any time during the pendency of this action to such designation. Moreover, compliance with this Order shall not be construed in any way as an admission or agreement by any Party that the designated disclosure constitutes or contains any trade secret or confidential information of any other Party or witness. No Party is obliged to challenge the designation of any material at the time of receipt, disclosure, or designation thereof, and a failure to challenge the propriety of any Confidential designation by any other Party or witness shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designations.

      f.    In the event that a Party or nonparty to this lawsuit raises an objection to a Producing Party's Confidential designation, such objection shall be made in writing to the Producing Party. The Parties shall confer in good faith in an effort to resolve any dispute concerning such designation. The Producing Party bears the burden of proof concerning confidentiality by a preponderance of the evidence. If the objection cannot be resolved by agreement within ten (10) calendar days of the date of receipt of the objection, the objecting party may move the Court for an order compelling redesignation of the material in question. Any such motion must be filed within thirty (30) calendar days of the date of receipt of the objection, unless otherwise agreed to by the objecting Party and the Producing Party or directed by the Court, and any opposition to such motion shall be filed within ten (10) calendar days of the service of such motion, unless otherwise agreed to by the objecting party that the information is properly designated as Confidential. The information shall remain subject to the Producing Patty's Confidential designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential is not an admission that the information was properly designated as such.

3. **Use and Disclosure of Confidential Information**

   a. Confidential Information shall be used exclusively and only for purposes of this litigation, subject to the restrictions of this order.

   b. Absent written permission from the Producing Party or further order by the Court, the recipient may not disclose Confidential Information to any person other than the following: (i) directly to the Plaintiffs, Defendants, and micromobility.com Inc or Skrill USA Inc.'s employees who are involved in this litigation or who have information relating thereto; (ii) a party's outside counsel of record in this action, including necessary paralegal, secretarial and clerical personnel assisting such counsel (collectively, "Outside Litigation Counsel"); (iii) a stenographer and videographer recording testimony concerning the information; (iv) subject to the provisions of paragraph 3(b) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only; (v) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that have been hired to assist in this matter; and (vi) the Court and personnel assisting the Court.

   c. A Party may not disclose Confidential Information to an expert or consultant pursuant to paragraph 3(b) of this Order until after the expert or consultant has signed an undertaking in the form of **Appendix 1** to this Order.

   d. Notwithstanding paragraph 3(b), a Party may disclose Confidential Information to: (i) any author of the Producing Party who was an author or recipient of the Confidential Information; (ii) any person, no longer affiliated with the Producing Party, who authored the information in whole or in part and executes an undertaking in the form of **Appendix 1** of this Order; and (iii) any person who legally received the information before this case was filed.

e. A party who wishes to disclose Confidential Information to a person not authorized under Paragraph 3(b) must first make a reasonable attempt to obtain the Producing Party's permission. If the party is unable to obtain permission, it may move the Court to obtain permission. The party making such motion shall have the burden of proof as to why the disclosure is necessary.

4. **Inadvertent Disclosure**

If a Party inadvertently or mistakenly produces privileged material, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work-product immunity, protection pursuant to the joint defense or common interest doctrine, or any other applicable privilege for the inadvertently produced document or any other document covering the same or a similar subject matter under applicable law, including Federal Rule of Evidence 502. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

5. **Non-Party Material**

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "Confidential" by a Party. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in this Order should be construed as prohibiting a Non-Party from seeking additional protections from the Court.

6. **Filing of Confidential Information**

Confidential Information may be filed with the Court only under seal and only in accordance with the terms of this paragraph 6. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or

affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a Party seeking to file an opposing Party's confidential information shall so advise the opposing Party fourteen (14) days in advance specifying the precise portion of the information the Party seeks to use, the general purpose thereof and any redactions to which the Party does not object. Within seven (7) days thereafter, the Party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

7. **Obligations on Conclusion of Litigation**

    a.    <u>Order Continues in Force.</u> Unless otherwise agreed or ordered, this Order shall remain in force after conclusion of the Litigation.

    b.    <u>Obligation at Conclusion of Litigation.</u> Within thirty days of the conclusion of this case, each Party must return to the Producing Party all documents and copies of documents containing the Producing Party's Confidential Information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing Confidential Information. Alternatively, if the Producing Party agrees, the Party may destroy all documents and copies of documents containing the Producing Party's Confidential Information. The Party returning and/or destroying the Producing Party's Confidential Information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding this provision, the Parties and their attorneys specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda,

correspondence, or attorney work product, even if such materials contain Confidential discovery material. Any such archival copies that contain or constitute Confidential discovery material remain subject to this Order.

### 8. **Order Subject to Modification**

This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

### 9. **Persons Bound**

This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

IT IS SO ORDERED this 21st day of January 2025.

_____
The Honorable P. Kevin Castel
United States District Court
Southern District of New York

RESPECTFULLY SUBMITTED BY:

*Counsel for Plaintiffs*
s/ Michael Kanovitz
Michael Kanovitz
LOEVY & LOEVY
311 N. Aberdeen, 3rd FL
Chicago, IL 60607
Tel: 312-243-5900
Tel: 312-243-5902
mike@loevy.com

*Counsel for Saeed Aldarmaki*
s/ Marc S. Voses
Marc S. Voses
Clyde & Co US LLP
405 Lexington Ave.
Ste 16th Floor

*Counsel for micromobility.com Defendants*
s/ Robert Heim
Robert Heim
Tarter Krinsky & Drogin
1350 Broadway, 11th FL
New York, NY 10018
Tel: 212-216-8000
Fax: 212-216-8001
rheim@tarterkrinsky.com

*Counsel for Defendant Skrill USA Inc.*
s/ Jeffrey Coviello
Jeffrey Coviello
Coviello Weber & Dahill LLP
707 Westchester Avenue
Suite 300

7

New York, NY 10174
516-547-7565
212-710-3950 (fax)
marc.voses@clydeco.us

White Plains, NY 10604
914-461-4343
jcoviello@cwdlaw.com

8

# Appendix 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
RYAN BARRON, et al.,                                              :
                                                                  :
                               Plaintiffs,                        :
                                                                  :         1:20-cv-04703(PKC)
         - against -                                              :
                                                                  :
MICROMOBILITY.COM INC., et al.,                                   :
                                                                  :
                               Defendants.                        :
----------------------------------------------------------------- X

_____, hereby declare,

I have been retained by _____ as an expert or consultant in connection with this case. I will be receiving Confidential Information that is covered by the Agreed Confidentiality Order entered in the above-referenced action. I have read the Agreed Confidentiality Order and understand that the Confidential Information is provided to me pursuant to the terms and conditions in that Order.

I agree to be bound by the Agreed Confidentiality Order. I agree to use the Confidential Information solely for purposes of this case. I understand that neither the Confidential Information nor any notes concerning that information may be disclosed to anyone that is not bound by the Agreed Confidentiality Order. I agree to return the Confidential Information and any notes concerning that information to the party or their attorney I am retained by or to destroy the information and any notes at that party's request.

I submit to the jurisdiction of the Court that issued the Agreed Confidentiality Order for purposes of enforcing that Order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court as to such enforcement.

1

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____