| | |
|---|---|
| **TARTER KRINSKY & DROGIN LLP** | **OMNUM LAW APC** |
| 1350 Broadway | 4350 Executive Drive, Suite 350 |
| New York, NY 0018 | San Diego, CA 92121 |

**VIA ECF & HAND DELIVERY**
Hon. P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *Barron et al. v. micromobility.com Inc. et al.*
              Case No. 20-cv-04703-PKC (S.D.N.Y.)

Dear Judge Castel,

      On behalf of Defendants micromobility.com Inc. (f/k/a/ Helbiz Inc.), Salvatore Palella, Lorenzo Pellegrino, Giulio Profumo, Jonathan Hannestad and Justin Giuliano (altogether, the "Defendants"), we write in accordance with Rule 3.A of your Individual Practices in Civil Cases to request the Court's permission to file a motion for summary judgment and accompanying motion to stay all discovery in this action, and to set a briefing and hearing schedule for such motions. We respectfully submit that good cause exists for the relief requested, as set forth below, and that the Court's determination of Defendants' summary judgment motion will dispose of this action in its entirety or, at a minimum, substantially narrow the claims.

**I.**    **Introduction and Relevant Background**

      This action commenced in June 2020 and asserts claims primarily under the Securities Exchange of 1934 ("Exchange Act") and Commodities Exchange Act of 1934 ("CEA"). The named Plaintiffs in this putative class action consist of sixteen individuals who each allege that they purchased Helbiz Coin ("HBZ") either in an initial coin offering ("ICO") between January and March 2018, or in the secondary trading markets.

      The operative complaint in this action alleges a sprawling fraudulent scheme against micromobility.com, Inc. and various individuals who were peripherally involved in the HBZ ICO. However, conspicuously missing from the complaint is any detailed recitation of the specific transactions that each Plaintiff claims he made in HBC, such as the dates, amounts, consideration exchanged, or the manner of each alleged purchase. Similarly, the complaint omits any details regarding any sales or other disposition by Plaintiffs of their supposed HBZ. Instead, the complaint merely recites that each Plaintiff supposedly "holds" as of the date of the Complaint a certain amount of HBZ that the Plaintiff claims to have "purchased" during the putative Class Period (January 1, 2018 through May 4, 2020) either in the ICO or via a third-party trading website.

These omitted details are critical to maintaining Plaintiffs' claims. Demonstrating that a defendant's allegedly unlawful conduct caused injury to the plaintiff is an essential component of Article III standing. *See, e.g.*, *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62, (2d Cir. 2012) ("To satisfy the 'irreducible constitutional minimum' of standing, a plaintiff must demonstrate (1) a personal injury in fact (2) that the challenged conduct of the defendant caused and (3) which a favorable decision will likely redress.") (citations omitted)). "If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." *Id*. As applied to this action, without evidence proving that Plaintiffs actually purchased HBZ during the Class Period, in reliance on alleged misstatements that Plaintiffs allege artificially inflated the price of HBZ, and were damaged when such artificial inflation was removed from the market price of HBZ, Plaintiffs cannot show injury in fact and thus lack standing to maintain their claims. In the absence of such proof, summary judgment can and should be granted in Defendants' favor.

Further, it is irrelevant that Plaintiffs bring this action purportedly on behalf of absent class members. "'That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Id*. at 64 (quoting *Lewis v. Casey*, 518 U.S. 343, 357 (1996)). Stated simply, Plaintiffs must prove their individual standing.

## II. Summary Judgment is Appropriate Because Plaintiffs Lack Standing to Maintain Any Claims

Following extensive motion practice regarding the sufficiency of Plaintiffs' complaint, the Parties commenced discovery in October 2024. Among other things, Defendants requested that Plaintiffs produce all records and evidence relating to their transactions in HBZ.

Defendants anticipate that Plaintiffs will contend summary judgment is "premature" because the time for discovery has not fully elapsed. But this action is well into discovery and Plaintiffs can no longer simply point to their bare and overly general allegations. It is well settled that a plaintiff cannot rely on allegations alone to establish Article III standing. In fact, a plaintiff's burden to support standing "becomes heavier as a case proceeds through the litigation." *Pryce v. Progressive Corp.*, No. 19-cv-01467-RJD-RER, 2022 WL 1085489, at *5 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (199)). Moreover, Plaintiffs' timing argument is belied by their own conduct.

As an initial matter, four Plaintiffs—Khanchandani, Lebedeus, Jiwa, and Sikaria—produced no evidence whatsoever of their alleged HBZ trading or any documents relevant to their asserted claims, other than biographical information such as screenshots of LinkedIn pages. Summary judgment should be granted as to each of these Plaintiffs.

Summary judgment also is appropriate as to the remaining twelve Plaintiffs because each has failed to produce any credible evidence showing that they transacted in HBZ during the Class Period. Confronted with this deficit, Plaintiffs have repeatedly responded that they have produced "thousands" of pages of documents. However, any superficial numerosity of Plaintiffs' production obscures the total lack of substantive proof. Plaintiffs' documentation consists solely of self-

generated spreadsheets created *post-hac* for the purpose of this litigation, indecipherable and unauthenticated "screenshots," and other irrelevant materials.

As of March 26, 2025, Plaintiffs confirmed **three times** that they had produced all documentation that they have or control, and that they intend to rely upon to prove their Class Period purchases. Yet, no contemporaneous evidence of any Class Period transactions by any Plaintiff exists in the record. Plaintiffs have also represented that they intend to demonstrate through the use of a present-day transaction simulation that they ***currently*** control certain digital wallets which hold HBZ, and that they will rely on public blockchain records to show historical transactions. However, such publicly available blockchain records are anonymous and, by definition, do nothing to prove that the specific Plaintiffs controlled the wallets at any time during the Class Period or that such control was maintained continuously to the present. Accordingly, Plaintiffs have not and cannot meet their burden of proof as required under the Exchange Act and CEA.

### III.     A Discovery Stay is Warranted to Conserve Resources and Avoid Needless Expense

Defendants submit that this action can be summarily dispensed for the reasons stated above. Accordingly, staying discovery until the determination of Defendants' summary judgment motion will conserve party and judicial resources. This need is particularly acute here where Plaintiffs are demanding that Defendants search for, collect and produce broad discovery of electronically stored information ("ESI") that likely will cost hundreds of thousands of dollars. By contrast, a temporary discovery stay will not prejudice Plaintiffs or the putative class(es) they seek to represent. A stay will permit the parties and the Court to dedicate resources to ensuring there is an actual case in controversy prior to spending countless hours and legal fees that otherwise could be avoided altogether because Plaintiffs have not—and cannot—meet their threshold standing requirement.

This Court has broad discretion to stay its own case. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). Such power "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id*. Rule 26(c) provides the Court may, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also Republic of Turkey v. Christie's Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). Courts hold that a stay pending a dispositive motion is appropriate to avoid needlessly burdening a party.

A court determining whether to stay discovery pending determination of dispositive motion "must look to the particular circumstances and posture" of the case. *Alford v. City of New York*, No. 11-cv-622-ERK-MDG, 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012). The "traditional standard for a stay" is "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 425-26 (2009). "These factors are to be balanced, with the principal objective being the avoidance of unfair prejudice." *Am. Steamship Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 482

3

(S.D.N.Y. 2007), aff'd in part, vacated in part sub nom., *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102 (2d Cir. 2010).

Each of these considerations weighs in favor of temporarily staying this lawsuit given that Plaintiffs lack standing to maintain their claims. *See also* Fed. R. Civ. P. 1 (recognizing the federal rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Standing is a fundamental element to Plaintiffs' claims and Plaintiffs' failure to demonstrate their standing is fatal. If Defendants' motion is granted, this action must be dismissed in its entirety. Where the viability of an action is in serious doubt, a stay of discovery "does not amount to unfair prejudice." *Spinelli v. Nat'l Football League*, No. 13-cv-7398-RWS, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (stay of discovery is warranted when "the viability of . . . Plaintiffs' claims is in at least some doubt" pending a dispositive motion). Even if Defendants' motion is only partly successful, a discovery stay "may also have the advantage of simplifying and shortening discovery in the event that some plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable." *Id*.

As explained briefly above, and subject to greater detail in Defendants' forthcoming motion, Defendants have and can demonstrate a high likelihood of success on the merits. Disposing of all (or nearly all) of this case now will avoid causing further prejudice and imposing enormous defense costs on the Defendants, including needless ESI discovery. In short, the prejudice of continuing with frivolous litigation will cause irreparable harm to Defendants. On the other hand, a brief stay of the proceedings will not substantially prejudice Plaintiffs or the supposed class. Finally, the public has a strong interest in determining whether Plaintiffs can proceed with viable claims, given the drain on public resources and this Court's crowded docket.

### IV. Conclusion

Defendants respectfully request permission to file their motion for summary judgment, which will demonstrate that no triable issue of fact exists and that Plaintiffs have failed to adduce any admissible evidence sufficient to establish the threshold element of standing to maintain their claims. For these reasons, summary judgment can and should be granted as to all of the Plaintiffs. Finally, to conserve judicial and party resources, a temporary stay of all discovery is appropriate during the pendency of Defendants' summary judgment motion in service of the public's interests.

Respectfully submitted,

| | |
|---|---|
| /s/Robert G. Heim | /s/Benjamin Galdston |
| Robert G. Heim | Benjamin Galdston |
| TARTER KRINSKY & DROGIN LLP | OMNUM LAW APC |
| 1350 Broadway | 4350 Executive Drive, Suite 350 |
| New York, NY 10018 | San Diego, CA 92121 |

*Counsel for Defendants*

cc: All Counsel of Record (via ECF)