| | |
|---|---|
| **TARTER KRINSKY & DROGIN LLP** | **OMNUM LAW APC** |
| 1350 Broadway | 4350 Executive Drive, Suite 350 |
| New York, NY 10018 | San Diego, CA 92121 |

July 10, 2025

**VIA ECF & HAND DELIVERY**

Hon. P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>Barron, et al. v. micromobility.com, et al.</u>, No 20-cv-04703-PKC (S.D.N.Y.)

Dear Judge Castel:

    Defendants micromobility.com Inc. (f/k/a/ Helbiz Inc.), Salvatore Palella, Lorenzo Pellegrino, Giulio Profumo, Jonathan Hannestad and Justin Giuliano (collectively, the "Micromobility Defendants") respectfully submit this **opposition** to Plaintiffs' letter request [ECF 374] seeking an extension of the deadlines regarding Plaintiffs' anticipated motion for class certification pursuant to Federal Rule of Civil Procedure 23.[1] This opposition is timely filed pursuant to this Court's Individual Practices in Civil Cases, Section A.iii. and the Local Rules of this District.

### I.    Standards Governing Plaintiffs' Request to Extend the Scheduling Order

    Under Rule 16 of the Federal Rules of Civil Procedure, a scheduling order may be modified "only for good cause" and with the court's consent. Fed. R. Civ. P. 16(b)(4). Application of Rule 16 is mandatory. "Disregard of the scheduling order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation, and its standards may not be short-circuited." *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000).

    Rule 16(b)(4) has been described as a "heightened" and "stricter" standard as compared to Rule 15(a)(2)'s "liberal" standard for amendment. *Hossain v. Unilever United States, Inc.*, No. 21CV2833FBTAM, 2023 WL 4405654, at *3-*4 (E.D.N.Y. July 7, 2023). In evaluating whether

---

[1] Plaintiffs' letter request violates this Court's Individual Practices in Civil Cases. Specifically, Plaintiffs fail to state: (1) in the first paragraph, "the date of the next conference before the Court," which is November 5, 2025, as required pursuant to Section 1.A.iii.; (2) "whether any adjournment or extension of the date was previously sought and whether it was granted," as required pursuant to Section 1.C.iii; (3) "the reasons given by [the micromobility.com Inc. Defendants] for declining to consent," as required pursuant to Section 1.C.iv; (4) and "proposed dates for all submissions of all parties relating to" Plaintiffs' class certification motion," as required pursuant to Section 1.C.viii. These violations provide separate and independent grounds to deny Plaintiffs' request.

a party has shown good cause for modification of a scheduling order, courts primarily focus "upon the diligence of the movant in attempting to comply with the existing scheduling order and the reasons advanced as justifying that order's amendment." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012) (citing *Kassner v. 2nd Ave. Delicatessen*, 496 F.3d 229, 244 (2d Cir.2007); *Parker*, 204 F.3d at 339–40); *see also Shemendera v. First Niagara Bank N.A.*, 288 F.R.D. 251, 252 (W.D.N.Y. 2012) (collecting cases). In addition, to demonstrate good cause, "a party must show that despite their diligence the timetable could not have reasonably been met." *Carnite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439, 446 (W.D. N.Y. 1997).

In general, a party is not considered to have acted diligently where the proposed modification "is based on information that the party knew, or should have known, in advance of the [] deadline.'" *Hossain*, 2023 WL 4405654, at *3 (quoting *Guity v. Uniondale Union Free Sch. Dist.*, No. 12-CV-1482 (SJF) (AKT), 2014 WL 795576, at *4 (E.D.N.Y. Feb. 27, 2014)); *see also Ritchie Risk-Linked Strategies*, 282 F.R.D. at 80 (same); *Enzymotec Ltd. v. NBTY, Inc.*, 754 F.Supp.2d 527, 536 (E.D.N.Y.2010) (same). Courts in this District routinely decline to find good cause if the party "knew or should have known" the steps it needed to take "in advance of the deadline sought to be extended." *Smith v. Bradt*, 329 F.R.D. 500, 505 (W.D.N.Y. 2019); *C.f. Shemendera*, 288 F.R.D. at 253 n.3 (finding no good cause where counsel did "little or nothing to schedule depositions" until shortly before the deadline). In particular, a party seeking to reopen an expert discovery deadline "must show that the tardy submission of its desired expert report was not caused by the party's own lack of diligence." *Ritchie Risk-Linked Strategies*, 282 F.R.D. at 79.

Finally, the party seeking an extension bears the burden to demonstrate good cause. *Ramchandani v. CitiBank Nat'l Ass'n.*, 616 F. Supp. 3d 353, 357 (S.D.N.Y. 2022).

## II. Argument

On December 19, 2024, the Court entered the Civil Case Management Plan and Scheduling Order [ECF 313] (the "Scheduling Order"), which adopted various deadlines stipulated by the Parties in accordance with Rule 16(b) and Section 2 of this Court's Individual Practices in Civil Cases. Among other things, the Scheduling Order set deadlines for Plaintiffs' anticipated class certification motion. *See* ECF 313 at ¶13.a. Plaintiffs now seek a 60-day extension to **two** of those class certification deadlines: (1) the already expired June 14, 2025 deadline to identify expert witness(es) and make disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2); and (2) the imminent July 30, 2025 deadline for Plaintiffs to file their motion for class certification. Plaintiffs' request should be denied as untimely, unsupported, and prejudicial to Defendants. Plaintiffs' request should be denied entirely.

Fatally dooming their request, Plaintiffs do not even attempt to address their burden to show good cause under Rule 16(b) and well-established case law. This omission alone warrants denial. *See, e.g., Zap Cellular, Inc. v. Weintraub*, No. 15CV6723PKCVMS, 2024 WL 1659905, at *2 (E.D.N.Y. Apr. 17, 2024) (denying request to amend answer where the party made "no attempt to argue 'good cause'" and failed to act diligently when such proposed modification was premised on information that was known or should have been known to the party) (citing *Guity*, 2014 WL 795576, at *4). Plaintiffs likewise provide no explanation for their nearly one-month

delay in seeking to modify the June 14 expert disclosure deadline. *See id*. (finding the fact that a party and its counsel provides "no explanation" for delay in seeking modification favors denial.).

### a. Plaintiffs' Request to Reset the Expert Disclosure Deadline is Untimely and Meritless

Although mentioned only in passing in a footnote on the last page of their letter, Plaintiffs tacitly ask the Court to ***retroactively*** reset the June 14, 2025 deadline for their compliance with Federal Rule of Civil Procedure 26(a)(2), which requires Plaintiffs to identify any expert witness that Plaintiffs intend to use to support their class certification motion and provide those expert(s)'s written report(s). Fed. R. Civ. P. 26(a)(2)(A)-(B). Plaintiffs demonstrate no good cause for such extraordinary lenience and the record confirms no second chance is deserved.

There can be no reasonable debate that Plaintiffs, who initiated this litigation as a putative class action, understood from the inception of the case approximately five years ago that they alone bore the burden to satisfy all applicable requirements under Rule 23. Plaintiffs' counsel also purports to be experienced in complex representative litigation. Accordingly, Plaintiffs' counsel knew or should have known for at least the past five years that Plaintiffs likely would intend to support their class certification motion with expert testimony. The Scheduling Order, which includes deadlines that were stipulated by the Parties and adopted by the Court in December 2024, clearly informed the Parties that Class Certification briefing (including identification of experts) would occur prior to completion of all fact discovery. Thus, Plaintiffs certainly knew at least seven months ago of the "desirability of expert testimony." *Smith*, 329 F.R.D. at 505 ("[T]he desirability of expert [] testimony should have been readily apparent by September 12, 2018, when the deadlines of the current Case Management Order were agreed upon.").

Nevertheless, Plaintiffs failed to seek an extension by June 9, 2025 (at least five days prior to the June 14 expert disclosure deadline), as required by the Scheduling Order. *See* ECF 313 at p. 4. Notably, in meet and confer discussions on June 10, 2025, Plaintiffs' counsel admitted that Plaintiffs had not secured any expert to support Plaintiffs' class certification motion. *See* Declaration of Robert Heim ("Heim Decl."), at ¶3. Yet, Plaintiffs delayed for twenty-four days—***nearly one month***—between June 9 and July 3 before seeking to modify the Scheduling Order. Plaintiffs' inexplicable and unjustifiable delay provides further support for denying their request. *See*, *e.g.*, *Zelaya v. Tutor Perini Corp.*, No. 16 Civ. 272 (AJN), 2017 WL 4712421, at *3 (S.D.N.Y. Sept. 28, 2017) (finding good cause lacking where, "[a]lthough a deposition on October 27, 2016, one day before discovery closed, spurred [plaintiff] to make some of the discovery requests at issue, he knew of his need for other documents well in advance of October 28, 2016"); *Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 142 (S.D.N.Y. 2011) (denying request for discovery where plaintiff "knew of its need for information . . . well before the fact discovery deadline"); *Hyundai Merch. Marine v. U.S.*, No. 89 Civ. 2025 (PKL), 1992 WL 204360, at *1 (S.D.N.Y. Aug. 10, 1992) (denying motion to compel discovery where "[p]laintiffs suggest no good reason why they waited until the day before the discovery deadline to request information they had known about for at least a month"); *Engles v. Jones*, 405 F. Supp. 3d. 397, 407 (W.D.N.Y. 2019) (no good cause where plaintiff "offered no explanation" for delay in seeking extension).

The dereliction by Plaintiffs' counsel to seek an extension expeditiously and sufficiently in advance of the expert disclosure deadline, as apparently happened here, also provides no good

cause to modify the Scheduling Order. "Attorney neglect, carelessness, or oversight is not a sufficient basis for a court to amend a Scheduling Order pursuant to Rule 16(b)." *Lamothe v. Town of Oyster Bay*, No. 08-CV-2078 ADS AKT, 2011 WL 4974804, at *7 (E.D.N.Y. Oct. 19, 2011) (collecting cases).

In correspondence dated June 27, 2025 Mr. Kanovitiz claimed that Plaintiffs previously suggested that they would need to extend the schedule for filing class certification. (*See* June 27, 2025 letter from Mr. Kanovitz attached as Exhibit A to the accompanying Heim Decl. at 3). The Micromobility Defendants responded by letter dated June 30, 2025 disputing Plaintiffs' assertion and making it clear the Micromobility Defendants would oppose a request to extend the class certification deadline. (*See* June 30, 2025 letter from the Micromobility Defendants attached as Exhibit A to the accompanying Heim Decl. at 3).

Against this backdrop, Plaintiffs' failure to timely seek an extension of the expert disclosure deadline is indefensible. Thus, Plaintiffs waived their opportunity to support their class certification motion with expert testimony.

### b. Plaintiffs Fail to Show Good Cause to Extend the Class Certification Motion Deadline

Plaintiffs' request to extend the July 30, 2025 deadline to file their class certification motion by sixty days to September 30, 2025—i.e., two weeks after all depositions are to be completed under the Scheduling Order—also lacks good cause. *See* ECF 313 at ¶6.c. Again, Plaintiffs fail to meet their burden under Rule 16(b)(4) to show good cause why the Scheduling Order should be modified. Specifically, Plaintiffs fail to show that they acted diligently in attempting to comply with the Scheduling Order. For example, Plaintiffs say nothing about their efforts to secure an expert. Likewise, Plaintiffs identify no "information" that was unknown to them prior to the June 14 expert deadline or that would otherwise support modifying the July 30 motion deadline. Nor do Plaintiffs identify any discovery that is purportedly lacking but necessary for their class certification.

Importantly, Plaintiffs bear the burden of proof and persuasion to show they are entitled to class certification under Rule 23. Specifically, Plaintiffs must satisfy Rule 23(a), which requires proof that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(1)-(4). Plaintiffs must also show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiffs have known the requirements for class certification for nearly five years, as they alleged the same in the operative complaint. *See* ECF 131 at ¶¶725-35.

Plaintiffs cannot claim surprise. Unquestionably, Plaintiffs also have known since the inception of this action that a determination whether to certify this case as a class action would be required "[a]t an early practicable time." Fed. R. Civ. P. 23(c)(1). Plaintiffs knew that the case was past the pleading stage and their class certification motion would require support with admissible

4

evidence, including possible expert testimony. Furthermore, the Plaintiffs knew that identification of any expert and the filing of their motion for class certification was required months before the completion of document and deposition discovery. Plaintiffs do not even attempt to show diligence in advance of these deadlines but, even if they could, they also fail to show why the applicable deadlines "could not reasonably have been met." *Huber v. Nat'l R.R. Passenger Corp.*, No. 10 Civ. 09348 (ALC) (DF), 2012 WL 6082385, at *3 (S.D.N.Y. Dec. 4, 2012) (To satisfy the "good cause" standard, a movant must demonstrate "that, despite having exercised diligence, the applicable deadline could not reasonably have been met.").

Also lacking from Plaintiffs' letter request is identification of any specific discovery that they contend is lacking but also necessary or relevant to any Rule 23 prerequisite. Nor do Plaintiffs explain how any supposedly missing discovery is relevant to any class certification issue or necessary for expert testimony. On this point, during the parties' meet and confer discussions, counsel for the micromobility.com Defendants asked Plaintiffs' counsel to explain what discovery Plaintiffs believed was incomplete that is necessary for their class certification motion and expert testimony. Plaintiffs' counsel could not identify any. Instead, Plaintiffs' counsel stated simply "we do not know what we don't know." Heim Decl. at ¶5. Likewise, Plaintiffs' counsel was asked why Plaintiffs failed to seek an extension earlier—i.e., in advance of the June 14 deadline to identify their expert(s). Plaintiffs' counsel did not respond. *Id*. at ¶6.

Plaintiffs' belated attempt to suggest that "there are records of the numerosity of purchases and the amounts sold" (ECF 374 at 5) or that further discovery might be pertinent to demonstrate "class wide injury" is unavailing. Simply reciting buzzwords is no substitute for a reasoned, fact-basis analysis. Even accepting Plaintiffs' speculation, the discovery they suggest is "missing" would, at most, relate to the merits of their claims, not class certification. For example, Plaintiffs claim that micromobility.com made a "slew of false statements" to the SEC which would show a "pattern of predicate acts" of deception. *See*, *e.g.*, *id*. at 4-5. But contrary to Plaintiffs' *non sequitur* contention, there is no requirement to show a "pattern of predicate acts" for class certification. Their lack of any cited case law or other authority only underscores their flawed reasoning.

Putting aside the real reason for Plaintiffs' request (their failure to secure an expert), Plaintiffs merely recite a litany of manufactured discovery disputes, each of which Defendants dispute. The record belies Plaintiffs' claims. To date, Defendants have complied with the Court's orders and produced thousands of paper and electronic files. Indeed, Defendants confirmed to Plaintiffs more than two weeks ago that they had substantially completed their productions with only social media information remaining to be reviewed and produced. In any event, even if Plaintiffs' discovery contentions are to be considered, a party's alleged "noncompliance with discovery requirements does not excuse the other's failure to comply" with its own obligations. *Local Union No. 40 v. Car-Win Construction*, 88 F.Supp.3d 250, 272 (S.D.N.Y. 2015).

Plaintiffs' assertion, which lacks any evidentiary support, that they agreed to the July 30, 2025 motion deadline many months ago based on their "expectation" that "document discovery would be substantially completed and the Defendants deposed sufficiently in advance of that date to obtain expert opinion and prepare the motion." ECF 374 at 1. This is both nonsensical and contradicted by the record. The Scheduling Order makes clear that, in accordance with Rule 23's requirement that class certification be addressed "at an early practicable time," Plaintiffs are required to make class certification expert disclosures and file their class certification motion

several months ***before*** the September 14, 2025 deadline to complete depositions (ECF 313 at ¶6.c.), the October 14, 202 deadline to complete fact discovery (*id*. at ¶5.), and the November 28, 2025 deadline to complete all other (non-class certification) expert discovery (*id*. at ¶7.). Plaintiffs failed to act with diligence and their *ipse dixit* claim of "proceed[ing] expeditiously" (ECF 374 at 1) is utterly unsupported. While long on rhetoric, Plaintiffs' letter conspicuously lacks facts or analysis supporting their extraordinary request. *See*, *e.g.*, *McDay v. Eckert*, No. 20-CV-00233 (JLS) (JJM), 2024 WL 1913394, at *2 (W.D.N.Y. Apr. 12, 2024), *report and recommendation adopted*, No. 20-CV-233 (JLS) (JJM), 2024 WL 1909086 (W.D.N.Y. Apr. 30, 2024) (denying request for relief from a scheduling order where, as here, movant made only "general contention" of diligence but failed to provide any explanation for delay in seeking relief.).  "'[T]o demonstrate 'good cause' a party must show that despite their diligence the time table could not have reasonably been met.'" *Id*. (quoting *Carnite*, 175 F.R.D. at 446).

Distilled to its essence, Plaintiffs ask the Court to postpone their class certification motion and expert testimony until completion of all document and deposition discovery. The Scheduling Order makes no such allowance, which is contrary to Rule 23(c)(1). The Court should not permit a lengthy extension to the Scheduling Order premised solely on baseless supposition that discovery might somehow reveal more but unspecified information that might also relate to class certification, particularly given Plaintiffs' lack of diligence. As the Second Circuit has stated, such a modification would only disrupt the agreed-upon course of the litigation and reward Plaintiffs' "indolent and the cavalier" conduct. *Parker*, 204 F.3d at 340.

### c. Plaintiffs' Request Should be Denied for the Independent Reason that Delay Will Prejudice Defendants

Prejudice to the party opposing an extension request is a relevant factor for the Court's consideration. *See Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 175 (S.D.N.Y. 2014). Even where a party seeking to modify a scheduling order can demonstrate diligence, a motion pursuant to Rule 16(b)(4) can still be denied "when it would prejudice the non-moving party."[2] Here, any extension to the Scheduling Order will significantly prejudice Defendants.

This case has been pending for more than five years. Plaintiffs' Amended Complaint makes serious and salacious allegations, which have caused Defendants significant reputational and financial harm. For example, Plaintiffs accuse Defendants of committing fraud and "extortion" on a "grand scale," and "swindling" Plaintiffs of their "life savings" by stealing "hundreds of millions of dollars." *See* ECF 131 at ¶¶2-3, 19, 24. Plaintiffs' complaint is chockablock with similar inflammatory and harmful allegations. However, it is becoming increasingly apparent that

---

[2] *Woodworth v. Erie Insurance Co.*, 2009 WL 3671930, *3 (W.D.N.Y.2009). By contrast, a lack of prejudice to the opposing party, does not negate the requirement that the moving party show diligence, as Plaintiffs wrongly suggest here. *See*, *e.g.*, *Kodak Graphic Communications Canada Co. v. E.I. Du Pont de Nemours and Co.*, 2011 WL 6826650, *3 (W.D.N.Y.2011); *Mendez v. Barlow*, 2008 WL 2039499, *2 (W.D.N.Y. 2008) (same); *see also* 3 Moore's Federal Practice § 16.14[1][b] (Mattthew Bender 3d ed.) ("The existence or degree of prejudice to the party opposing modification may supply an additional reason to deny a motion to modify a scheduling order, but it is irrelevant to the moving party's exercise of diligence and does not show good cause").

6

Plaintiffs' allegations, including statements about their own circumstances, were made without reasonable investigation, without factual support, and in reckless disregard for the truth. To date, five of the original named Defendants have been dismissed from this action. Most recently, Plaintiffs agreed to dismiss Defendant Saeed Al Darmaki (*see* ECF 375), who Plaintiffs previously insisted was a "co-conspirator" in this purported fraud. ECF 131 at, e.g., ¶109.

Even more significant, twelve of the original sixteen named Plaintiffs (75%) have dismissed themselves from the litigation because they refuse to participate in discovery. The remaining four Plaintiffs are attempting to evade discovery while facing additional challenges to their standing. In fact, Plaintiffs' counsel informed Defendants recently that Plaintiffs "***do not intend to stand***" on myriad factual allegations made in their complaint and refuse to respond to discovery directed to those allegations. *See* Heim Decl. at ¶4.

At bottom, Plaintiffs' claims are meritless, and this action cannot be maintained as a class action under Rule 23. Plaintiffs have received thousands of documents from the Defendants and issued more than 75 third party document subpoenas. Yet, Plaintiffs claim without any support that they still need more (unidentified) discovery. When asked to state specifically what discovery they seek and why such discovery is necessary for their class certification motion, Plaintiffs' counsel answered only "***we don't know what we don't know***." *See* Heim Decl., at ¶5. Plaintiffs did not (and cannot) identify any class certification issue let alone the specific information they believe has not yet been produced in discovery.

At bottom, this is nothing more than a fishing expedition and admission that despite their scorched earth, exhaustive discovery, Plaintiffs lack evidence to support their allegations and damages claims, let alone their entitlement to maintain this case as a class action. This action has been costly, time-consuming, and harmful to Defendants. Defendants should not be forced to expend further resources simply to indulge Plaintiffs' wild goose chase. *See*, *e.g.*, *In re Ampal-Am. Israel Corp.*, No. 12-13689 (SMB), 2019 WL 3756728, at *10 (Bankr. S.D.N.Y. Aug. 7, 2019) (denying motion to modify scheduling order where movant failed to identify any information that it could not have anticipated or discovered had he exercised greater diligence, the case was "five years old," and "the remaining issues are narrow"); *see also Harris v. Speedway LLC*, 349 F.R.D. 72, 78 (W.D.N.Y. 2025) (noting "judicial economy" is an important consideration in enforcing Rule 16).

### III.     Conclusion

Plaintiffs' request should be denied. Plaintiffs fail to meet their burden to show good cause to retroactively reset their expert disclosure deadline or extend the July 30 deadline to file their motion for class certification. Moreover, any extension will only further prejudice the Defendants. By contrast, enforcing the Scheduling Order will ensure an expeditious resolution of this action, including further narrowing of parties, issues and claims.

Respectfully submitted,

| /s/ Robert G. Heim | /s/ Benjamin Galdston |
|---|---|

*Counsel for Defendants*