UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN BARRON, ET AL. <br><br> Plaintiffs, <br><br> v. <br><br> MICROMOBILITY.COM INC., ET AL., <br><br> Defendants. | Case No. 1:20-cv-4703 (PKC) |

### DECLARATION OF ROBERT G. HEIM

ROBERT G. HEIM, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury the following:

1. I am a partner at the law firm Tarter Krinsky & Drogin LLP, attorneys for defendants micromobility.com Inc., Salvatore Palella, Jonathan Hannestad, Giulio Profumo, Justin Giuliano and Lorenzo Pellegrino (collectively, the "Micromobility Defendants"). I make this declaration in support of the Micromobility Defendants' opposition to Plaintiffs' letter motion [ECF 374] seeking an extension of the deadlines regarding Plaintiffs' anticipated motion for class certification pursuant to Federal Rule of Civil Procedure 23.

2. In connection with various discovery disputes, the counsel for the parties have engaged in meet and confer discussions in June and July. On behalf of the Micromobility Defendants, I participated in these discussions along with Benjamin Galdston of Omnum Law APC, who is separate counsel for Defendant Salvatore Palella.

3. During one such meet and confer discussion on June 10, 2025, Plaintiffs' counsel Michael Kanovitz stated that Plaintiffs had not retained any expert to support Plaintiffs' class certification motion. Neither myself nor Mr. Galdston responded to this statement.

4. During a subsequent meet and confer conference on July 2, 2025, regarding Defendants' discovery directed to the remaining named Plaintiffs' various allegations made in the operative complaint concerning themselves, the alleged harms they claim to have suffered purportedly as a result of their investments at issue in this action, and other similar assertions, Mr. Kanovitz asserted that such discovery is not appropriate because Plaintiffs "do not intend to stand" on the factual allegations made in their complaint.

5. During the same July 2, 2025 meet and confer discussion, Mr. Kanovitz stated for the first time that Plaintiffs intended to seek relief from the July 30, 2025 deadline for Plaintiffs' class certification motion as set in the Scheduling Order in this action. The only reason Mr. Kanovitz provided for seeking an extension was that discovery was not complete. When asked to identify specifically what discovery Plaintiffs seek and why such discovery is necessary for their class certification motion, Mr. Kanovitz answered only "we don't know what we don't know." Mr. Kanovitz did not identify any class certification issue or the specific information they believe has not yet been produced in discovery.

6. Plaintiffs' counsel was asked why Plaintiffs failed to seek an extension earlier in advance of the June 14 deadline to identify their expert(s). Plaintiffs' counsel did not respond.

7. Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' June 27, 2025 meet and confer letter, wherein Plaintiffs' counsel stated "we will need to extend the schedule for filing our class certification motion." *Id*. at 3.

8. Attached hereto as Exhibit B is a true and correct copy of the Micromobility Defendants' June 30, 2025 meet and confer letter responding to Plaintiffs' June 27, 2025 letter (Exhibit A) and stating in pertinent party:

> Your June 27, 2025 letter falsely suggests (without citation to any record evidence) that you 'previously stated' that Plaintiffs 'will need to extend the schedule for

filing our class certification motion.' Not so. You once mentioned orally in passing during a prior meet and confer discussion that Plaintiffs had not retained experts and might need to seek an extension. ***Notably, the deadline for Plaintiffs to identify any such Class Certification related experts expired and Plaintiffs made no effort to seek relief prior to that deadline***. Accordingly, even if the Court somehow finds good cause to extend the motion deadlines, Plaintiffs affirmatively waived all expert testimony in support of their motion.

Furthermore, the Scheduling Order makes no provision for the parties to modify Class Certification deadlines by stipulation. In any event, Plaintiffs never requested an extension, nor did Defendants agree to one. ***If Plaintiffs intend to seek an extension now, Plaintiffs must obtain relief from the Court upon a showing of good cause. Defendants will oppose any such request***.

*Id*. at 3 (emphasis added).

Dated: New York, New York
       July 10, 2025

/s/ Robert Heim_____
Robert G. Heim