# EXHIBIT A

# LOEVY + LOEVY

311 N. Aberdeen Street
Chicago, Illinois 60607
(312) 243-5900
www.loevy.com

June 27, 2025

**Via Email**
bgaldston@omnumlaw.com
Omnum Law
Attention: Benjamin Galdston
4350 Executive Dr., Suite 350
San Diego, CA 92121

rheim@tarterkrinsky.com
Tarter Krinsky & Drogin LLP
Attention: Robert Heim
1350 Broadway
New York, NY 10018

RE: *Barron et al., v. micromobility, et al.*, Case No. 20-cv-4703-PKC

Dear Benjamin and Robert:

I believe that the parties are mostly at issue in light of Plaintiffs' June 20, 2025 letter and your June 25 response. We look forward to completing discussion with you at a meet an confer, hopefully not later than Monday. We will are available until 3 pm central time or after 5 central time.

1. **Status of your production**

We would like to get answers on what has been produced, what is left to be produced, and the timing. For the ESI records please provide a progress update and a firm date for completion. Additionally, please clarify when you will provide us with the metadata for the records that you have already produced. For the non-ESI records we would like to know the status of: (1) the screenshot repository production, (2) search and production of the documents stored in hardcopy with the paper printout of the screenshot, and (3) all non-privileged (or privilege waived) source documents in Mr. Heim's possession, including without limitation the SEC investigation documents, discussed below.

2. **Privilege logs**

Our position remains the same as stated previously. We are willing to do whatever your clients are going to do. Accordingly, we would like to discuss timing and scope at the meet and confer, as we requested last week.

Also, I do not agree with your criticisms of Plaintiffs' answers to your document requests subject to a claim of privilege. As stated, we will log any document withheld under a claim of privilege on the privilege log, according to the same procedures your clients agree to follow. I took a look at your clients' answers to Plaintiffs' document requests and you have not done what you claim Plaintiffs are required to do. *See* Individual Defendants' Answers to Plaintiffs' First Requests for Production of Documents, 1-2, 4-17, 19-22, 24-34; Micromobility.com, Inc.'s Supplemental Answers to Plaintiffs' First Requests for Production of Documents, passim; Individual Defendant's Answers to Plaintiff

Barron's Second Set of Requests for Production, passim (all attached). You have not even attempted to come anywhere close. In each case you either answered that you have no non-privileged documents, without logging or stating whether any are being withheld, or that you would produce non-privileged documents, again without logging or stating whether or what you are withholding.

Again, we will follow the same procedure you agree to follow. I look forward to discussing this with you on the meet and confer call.

3. **Scheduling Defendants' deposition dates**

Thank you for providing the August dates for some of your clients. We are checking with the other defense counsel and will let you know shortly. Please let us know when you expect to have dates for the other requested witnesses and defendants.

4. **Costs and timing for rescheduling Plaintiffs' deposition dates.**

This issue is discussed in my June 20 letter and in my email of June 24th about the costs for Mr. Szklarek's travel and the time sensitive need for you to select one of his available dates by June 28. We have not heard back from you. I urge you to respond.

Your recitation of the supposed facts leading to your cancellation of the scheduled depositions is inaccurate and self-serving. Repeating the same baseless claims, such as that Plaintiffs have not produced their trading records, does not make your claims weightier. We refer you to our prior correspondence, filings and statements in court describing not only the documents that Plaintiffs have produced, but also their collection efforts.

5. **Timeframe**

We stand on our discussion in our June 20, 2025 letter. I believe the parties are at issue.

6. **Plaintiffs' discovery responses**

Your letter largely rehashes arguments on which Plaintiffs have already taken a position. We refer you to our prior correspondence, filings and statements in court. We should get to issue at the meet and confer, which, again, we requested last week and hope to complete on Monday.

   a. <u>Requests 8, 9, and 15</u>. We stand on drawing the line at HBZ trades, as stated in out June 20, 2025 letter. Your letter mischaracterizes Plaintiffs' position, which is stated in our June 20, 2025 letter.

   Your reiteration, without support, that the exchanges required KYC does not make it so. They did not. And you have provided no record to show otherwise. As for the ICO, your clients are the ones in possession of the KYC documents, not Plaintiffs. Plaintiff submitted their IDs online to your clients when requested to do so through your clients' website. Your website did not provide them a copy of their submission. You state that your clients will produce KYC documents collected in the ICO "if any such documents do exist." Do they? Pease be prepared to let us know unequivocally at the meet and confer. I remind you that these were requested with Plaintiffs' First Request for Production No. 4.

  b. <u>Request Nos. 18, 19, & 20</u>.  See our discussion in Section 2, above.

  c. <u>Request No. 20</u>. We stand on our position in our June 20, 2025 letter.

 **7. Documents regarding the SEC investigation possessed by Mr. Heim**

In our June 20, 2025 letter we raised the fact, previously unknown to us and discovered only as a result of the Tripoint subpoena, that Mr. Heim engaged with the SEC about HelbizCoin in 2018, including providing letters and documents, and expressed dismay that these documents had not been produced with the paper records responsive to our First Requests for Production, served in early December of 2024. Your decision not to produce them, which you still have not explained, is properly characterized as a suppression. You are also mischaracterizing the nature of the SEC's proceedings, which the SEC itself described as an investigation, as well as Mr. Heim's and the Defendants' participation in the investigation.

Your letter states that "During our prior meet and confer conference, we reviewed these facts with you. We also confirmed that the micromobility.com Defendants were not withholding any non-privileged, relevant documents and would produce any such documents to the Plaintiffs." That is not true. It was never revealed to us that Mr. Heim was a participant during the investigation and in possession of documents that he personally provided to the SEC during the investigation. The only thing that was discussed was our limited knowledge gained through our review of your ESI produced earlier this month which revealed the existence of an SEC investigation at all. We never imagined, and you never disclosed, that Mr. Heim himself had personally participated in the investigation almost two years before this case was even filed.

You have not produced the documents demanded in our June 20, 2025 letter. Your statement, that "[t]hose documents are included in the upcoming production" is not true. If you will not agree at the meet and confer to produce the documents, then the parties are at issue.

 **8. Other documents possessed by Mr. Heim.**

The suppression of the SEC investigation documents, and the revelation that Mr. Heim has been involved since at least July of 2018 raises the specter that additional documents have been suppressed.  Please be prepared at the meet and confer to go through our First and Second requests for production of documents and answer questions about what responsive non-privileged documents Mr. Heim possesses and when he came into possession of them.

 **9. Class certification**

As I have previously stated, we will need to extend the schedule for filing our class certification motion. Once we have direction from you on when your document production will be completed we will be in a better position to select dates. Hopefully we can get sufficient clarity from you on the call.

Sincerely,

s/ Michael Kanovitz
One of counsel for Plaintiffs

Michael Kanovitz (*pro hac vice*)
Jon Loevy (*pro hac vice*)
Julia Rickert (*pro hac vice*)
Heather Lewis Donnell
Anand Swaminathan
Isaac Green (*pro hac vice*)
Jacob Costello
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
mike@loevy.com
