# EXHIBIT B

**TARTER KRINSKY & DROGIN LLP**              **OMNUM LAW APC**
1350 Broadway                          4350 Executive Drive, Suite 350
New York, NY 0018                           San Diego, CA 92121


June 30, 2025

<u>**VIA EMAIL**</u>
Michael Kanovitz
Loevy + Loevy
311 N. Aberdeen Street
Chicago, IL 60607

      Re:    *Barron et al. v. micromobility.com Inc. et al.*
            <u>Case No. 20-cv-04703-PKC</u>

Dear Michael,

On behalf of the micromobility.com defendants ("Defendants"), we write in response to your
June 27, 2025 letter and in advance of the parties' meet and confer discussion tomorrow.

<u>**Plaintiffs' Deficient Discovery Responses**</u>:

We understand from your June 27 letter that Plaintiffs refuse to further supplement their prior
responses to Defendants' Second Set of Requests for Production of Documents. Accordingly,
Defendants intend to ask the Court to compel Plaintiffs to comply with the Federal Rules and
"state whether any responsive materials are being withheld on the basis of [any] objection" and
specify such documents being withheld. Fed. R. Civ. P. 34(b)(2)(C).

We also understand that Plaintiffs refuse to produce documents responsive to Request Nos. 8, 9,
and 15 within their possession, custody, or control pertaining to the Plaintiffs' transactions in
securities other than HelbizCoin. Plaintiffs also refuse to produce any KYC documents within
their possession, custody, or control pertaining both to Plaintiffs' transactions in HelbizCoin
(which are indisputably relevant and discoverable) and their transactions in securities other than
HelbizCoin. Your June 27 letter now apparently clarifies that Plaintiffs refuse to produce KYC
documents for Plaintiffs' HelbizCoin ICO transactions because, you contend, Defendants "are
the ones in possession of the KYC documents, not Plaintiffs."

As we have repeatedly explained, your contention is factually wrong and you have cited no
evidence in support of your false assertion. Instead, the evidence confirms that the Helbiz Coin
ICO was conducted by a third party, which did not involve the Defendants. *See*, *e.g.*, ECF 343;
Declaration of Andrea Monni and Exhibit C thereto (ECF 75 and 75-3).  Accordingly,
Defendants did not collect KYC documents for Plaintiffs or any other HelbizCoin investor that
can be produced in discovery. To that such documents may exist within Defendants' files, they
will be produced and will not be withheld. However, to date, we have not identified any such

1

KYC documents within the Defendants' possession, custody, or control. Moreover, even if such documents do exist within Defendants' files, that does not relieve Plaintiffs of their independent obligation to search for and produce KYC documents related to their alleged transactions in HelbizCoin.

Likewise, we have pointed you to evidence that other exchanges where the named Plaintiffs transacted in HelbizCoin and, likely, in other digital assets, such as Exmo and HitBTC, also require KYC certification and documentation. For example:

- Exmo: https://exmo.com/blog/en/product/verification-on-exmo ("EXMO is a cryptocurrency exchange that is registered in the UK and operates under the jurisdiction of the British legal system, as well as the EU legal system. According to the Fifth Anti-Money Laundering Directive (5AMLD), all users who transact with cryptocurrency must undergo mandatory identity verification.").

- HitBTC: https://support.hitbtc.com/en/support/solutions/articles/63000224996-how-to-verify-your-account ("The KYC verification is a mandatory procedure aimed at verifying the identity of HitBTC traders. This procedure requires that users provide to us several scanned documents, which our Compliance department uses to conduct their background checks. This important step ensures the security of all of our traders.").

Another exchange that apparently was used by at least one of the Plaintiffs, Mercatox in the UK, does not strictly require KYC documents, but strongly recommends it and makes KYC proof a condition of trading beyond certain limits. *See* https://support.mercatox.com/knowledgebase.php?article=14#:~:text=You%20need%20to%20fill%20all,through%20your%20registered%20e%2Dmail. ("As the principle of AML (Anti-Money Laundering) Policy and KYC (Know your Customer), we suggest the Mercatox users verify their account. Being verification is optional but it will give some special services from Mercatox to verified user such as: 5 BTC daily and 50 BTC monthly withdrawal limit, Participating on Loyalty Program, Being Eligible Monthly Free Votes, and etc.").

At bottom, Plaintiffs must produce all non-privileged documents within their possession, custody, or control responsive to Request Nos. 8, 9, and 15 for all HelbizCoin transactions and transactions in other digital assets made during the Relevant Time Period. If no such documents exist within Plaintiffs' possession, custody, or control, Plaintiffs should state so in their response. Absent compliance, we intend to ask the Court for an Order compelling their production and other relief.

As for Plaintiffs' responses to Request Nos. 18, 19, and 20, it appears we have reached impasse. We intend to seek an Order compelling fulsome responses and productions to these requests, and additional relief as appropriate.

**<u>Non-Privileged Documents Related to the SEC Inquiry Into Various ICOs</u>**

Your letter persists in making unfounded and false accusations that documents somehow were "suppressed" and that additional documents might also have been "suppressed." This continues a

longstanding pattern of reckless and unprofessional conduct by you and your colleagues. All non-privileged documents that the Company voluntarily disclosed to the SEC in connection with the SEC's broad and non-compulsory inquiry into various ICOs will be produced this week,. No other relevant, responsive, non-privileged documents related to the SEC's inquiry have been or will be withheld by Defendants. Your clients remain free to explore discovery into non-privileged matters through interrogatories, depositions of the Defendants or other legitimate mechanisms. However, these baseless insinuations will not be tolerated further, and counsel will not be subjected to interrogation.

## Class Certification Deadlines

Your June 27, 2025 letter falsely suggests (without citation to any record evidence) that you "previously stated" that Plaintiffs "will need to extend the schedule for filing our class certification motion. Not so. You once mentioned orally in passing during a prior meet and confer discussion that Plaintiffs had not retained experts and might need to seek an extension. Notably, the deadline for Plaintiffs to identify any such Class Certification related experts expired and Plaintiffs made no effort to seek relief prior to that deadline. Accordingly, even if the Court somehow finds good cause to extend the motion deadlines, Plaintiffs affirmatively waived all expert testimony in support of their motion.

Furthermore, the Scheduling Order makes no provision for the parties to modify Class Certification deadlines by stipulation. In any event, Plaintiffs never requested an extension, nor did Defendants agree to one. If Plaintiffs intend to seek an extension now, Plaintiffs must obtain relief from the Court upon a showing of good cause. Defendants will oppose any such request.

## Defendants' Deposition of Plaintiffs

As we have repeatedly explained to you, we do not intend to depose the remaining named Plaintiffs until they have complied with their discovery obligations and produced all responsive documents, including documents related to their alleged standing, damages, and issues related to class certification, such as their susceptibility to unique defenses and their fitness and adequacy to serve as fiduciaries for the proposed class. It bears emphasis that the Plaintiffs alone bear the burden of proof on these issues. To the extent Plaintiffs have no relevant, responsive documents in their files, this absence of such proof is in itself highly probative.


            _/s/Robert G. Heim_                              _/s/Benjamin Galdston_
            Robert G. Heim                                   Benjamin Galdston

    TARTER KRINSKY & DROGIN LLP                          OMNUM LAW APC
            1350 Broadway                          4350 Executive Drive, Suite 350
          New York, NY 10018                           San Diego, CA 92121


                      _Counsel for the micromobility.com Defendants_

                                        3