UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RYAN BARRON, et al.,

                      Plaintiffs,

                                                           20-cv-4703 (PKC)

        -against-                                            ORDER

MICROMOBILITY.COM INC. f/k/a HELBIZ
INC., et al.,

                      Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendants move for reconsideration of the Court's grant of an extension of time until September 30 for the plaintiffs to move for class certification. (ECF 379 at 1.) Plaintiffs filed a letter in response and defendants have replied. (ECF 381, 382.)

        In the motion to reconsider, they assert, among other things, that the Court's Order granting the extension recites that plaintiffs' request was made "without objection." (Id.) While perhaps a small point, the defendants are in error. They erroneously cite to an Order at ECF 376 which was, indeed, granted "without objection." But that Order (ECF 376) addressed an entirely different motion: "Plaintiffs' Unopposed Motion for Dismissal" of defendant Saeed Al Darmaki. The Order granting the extension is at ECF 377, also cited in defendants' letter.

        In granting the extension, the Court was well aware of defendants' opposition. Plaintiffs advised the Court that in the opening paragraph of their letter seeking an extension of time to file the class certification motion that "Defendants Palella, Guiliano, Hannestad, Pellegrino, Profumo, and micromobility.com Inc. . . . do oppose the request." (ECF

374.)  Indeed, they attached a June 30 letter from counsel for the defendants indicating that they intended to oppose the application for lack of "good cause."  (ECF 374-6 at 3.)

The Court has now reviewed defendants' memorandum of law (ECF 378), the accompanying Heim Declaration (with exhibits, including Exhibit B which is a duplicate of defendants' June 30 letter previously submitted by plaintiffs at ECF 374-6), the motion to reconsider (ECF 379), the opposition to the motion to reconsider (ECF 381) and the defendants' reply (ECF 382).

"Good cause" does not require a finding of fault on the opposing party or the absence of any fault on the part of the moving party. While a party's diligence is usually of the utmost importance in considering whether the good cause standard is met, here the Court placed greater weight on the interests of justice because the additional time would afford the movant an "opportunity to fulsomely present factually-grounded theories and evidence in support of certification" and that "60 days is a modest increment in a complex case that has the procedural history of this one."  (ECF 374 at 6.)  Further, the grant of the extension of time on the filing of the class certification motion will not affect the discovery cut-off in this case.

Defendants have now been fully heard and the Court adheres to its Order of July 10, 2025 (ECF 377) granting an extension of time to file a motion for class certification until September 30.  The motion to reconsider (ECF 379) is DENIED.[1]

---

[1] The Court rejects defendants' overwrought suggestion that the grant of the 60-day extension without fully hearing out defendants "undermines the public's faith in our judicial system."  (ECF 379 at 3.)  The case cited by defendants in support of this proposition, Bridges v. California, 316 U.S.252 (1941), was a successful appeal of contempt findings against, among others, a newspaper and its managing editor for publishing editorials critical of a judge's handling of a case. Simply put, there is no arguable equivalency.

- 3 -

SO ORDERED.

                                                                                                                      P. Kevin Castel
                                                                                                                    United States District Judge

Dated: New York, New York
       July 18, 2025