<table>
<tr><td align="center"><strong>TARTER KRINSKY & DROGIN LLP</strong></td><td align="center"><strong>OMNUM LAW APC</strong></td></tr>
<tr><td align="center">1350 Broadway</td><td align="center">4350 Executive Drive, Suite 350</td></tr>
<tr><td align="center">New York, NY 10018</td><td align="center">San Diego, CA 92121</td></tr>
</table>

August 4, 2025

<u>**VIA ECF**</u>

Hon. P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:     *Barron, et al. v. micromobility.com, et al.*, No 20-cv-04703-PKC (S.D.N.Y.)

Dear Judge Castel:

Defendants micromobility.com Inc., Salvatore Palella, Lorenzo Pellegrino, Giulio Profumo, Jonathan Hannestad and Justin Giuliano (collectively, the "Micromobility Defendants") respectfully submit this Pre-Motion Letter pursuant to the Court's Individual Practices in Civil Cases ("Individual Practices"), Section 3.A., in advance of the Micromobility Defendants' filing a motion to preclude Plaintiffs from submitting expert testimony in support of their class certification motion. This Pre-Motion Letter sets forth in detail the legal and factual basis for the anticipated motion and a proposed schedule for the motion. The next conference before the Court is a Case Management Conference scheduled for November 5, 2025 at 11:00 a.m.

## I.     <u>Relevant Factual and Procedural Background to the Motion</u>

This litigation commenced more than five years ago on June 19, 2020, when Plaintiffs filed their Class Action Complaint asserting various claims on behalf of a putative class of investors who transacted in a utility coin token issued by a Singapore-based company. ECF 3. Thereafter, the parties engaged in extensive motion practice, culminating in Plaintiffs' filing their First Amended Class Action Complaint on March 11, 2022 (the "Complaint"), which again asserted claims on behalf of various proposed classes. ECF 131. On September 1, 2023, the Court entered its Opinion & Order (ECF 244) partly granting Defendants' motion to dismiss. ECF 244. Pertinent to Defendants' proposed motion here, the Court's Opinion & Order sustained putative class claims for securities fraud against the Micromobility Defendants. *Id*. at 52.

On December 19, 2024, the Court entered the Civil Case Management Plan and Scheduling Order governing the pre-trial schedule in this action (the "Scheduling Order"). ECF 313. Among other things, the Scheduling Order required "[t]o the extent that Plaintiffs intend to rely on expert testimony at the class certification stage, they will comply with Rule 26(a)(2) by June 14, 2025 and make all retained expert available for deposition within the following 30 days." It is

undisputed that Plaintiffs did ***not*** comply with Rule 26(a)(2) by June 14, 2025 and did not make "all retained experts available for deposition" within the following 30 days (i.e., by July 14, 2025).

On July 9, 2025—i.e., 25 days ***after*** expiration of the deadline to comply with Rule 26(a)(2) as set forth in the Scheduling Order and 30 days after expiration of the deadline to seek to extend the disclosure date pursuant to the Scheduling Order (*see* ECF 313 at 4)—Plaintiffs filed their motion to extend the Scheduling Order's separate July 30, 2025 deadline to file their class certification motion. ECF 374. Plaintiffs' motion did ***not*** seek a retroactive extension of the then-expired June 14, 2025 deadline for Rule 26(a)(2) compliance. Instead, Plaintiffs noted the expired expert disclosure deadline in passing in a footnote on the last page of their letter request seeking to extend the July 30, 2025 class certification motion filing date only.

On July 10, 2025, prior to the Micromobility Defendants' filing their opposition, the Court granted Plaintiffs' request for a sixty-day extension of the July 30, 2025 class certification motion filing deadline. ECF 377. The Court's July 10, 2025 Order did not address or authorize an extension of the deadline for Plaintiffs to identify and disclose expert testimony. On July 10, 2025, a few hours ***after*** the Court entered its Order granting Plaintiffs' motion to extend the July 30, 2025 class certification motion filing deadline, the Micromobility Defendants timely filed their opposition. ECF 378.

On July 16, 2025, the Micromobility Defendants filed their Motion for Reconsideration of the Court's July 10, 2025 Order. ECF 379. On July 17, 2025, Plaintiffs filed their opposition (ECF 381), and the Micromobility Defendants filed their Reply in Support of Reconsideration the following day, on July 18, 2025. ECF 382. That same day, on July 18, 2025, the Court entered its Order denying the Micromobility Defendants' motion for reconsideration, which affirmed the extension of Plaintiffs' July 30, 2025 class certification motion filing deadline to September 30, 2025. ECF 384. The Order stated: "[T]he Court adheres to its Order of July 10, 2025 (ECF 377) granting an extension of time to file a motion for class certification until September 30." *Id*. at 2. However, like the Court's prior July 10, 2025 Order, the Court's July 18, 2025 Order did not address or extend the long-expired deadline for Plaintiffs to identify and disclose expert testimony pursuant to Rule 26(a)(2) that it may attempt to offer in support of class certification.

Accordingly, Plaintiffs have known since the inception of this action—for at least five years, since June 19, 2020—that they would be required to support their anticipated motion for class certification with admissible evidence, which may include expert testimony. But Plaintiffs failed to comply with the Scheduling Order and did not timely identify and disclose expert testimony. Plaintiffs also failed to timely seek an extension of the June 14, 2025 deadline to comply with the applicable Scheduling Order expert disclosure deadline. Thus, Plaintiffs forfeited and waived their opportunity to offer expert testimony to support their anticipated class certification motion. Pursuant to the Federal Rules and this Court's and District's Rules, Plaintiffs should be precluded from submitting expert testimony in support of their anticipated class certification motion.

## II.    Legal Standards Applicable to the Micromobility Defendants' Proposed Motion

### a.    The Party Seeking to Modify a Scheduling Order Bears the Burden to Show Good Cause Under Rule 16

Under Federal Rule of Civil Procedure 16, a scheduling order may be modified "only for good cause" and with the court's consent. Fed. R. Civ. P. 16(b)(4). Application of Rule 16 is mandatory. "Disregard of the scheduling order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation, and its standards may not be short-circuited." *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000).

In evaluating whether a party has shown good cause for modification of a scheduling order, courts primarily focus "upon the diligence of the movant in attempting to comply with the existing scheduling order and the reasons advanced as justifying that order's amendment." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012) (citing *Kassner v. 2nd Ave. Delicatessen*, 496 F.3d 229, 244 (2d Cir.2007); *Parker*, 204 F.3d at 339–40); *see also Shemendera v. First Niagara Bank N.A.*, 288 F.R.D. 251, 252 (W.D.N.Y. 2012) (collecting cases). In addition, to demonstrate good cause, "a party must show that despite their diligence the timetable could not have reasonably been met." *Carnite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439, 446 (W.D. N.Y. 1997).

In general, a party is not considered to have acted diligently where the proposed modification "is based on information that the party knew, or should have known, in advance of the [] deadline.'" *Hossain*, 2023 WL 4405654, at *3 (quoting *Guity v. Uniondale Union Free Sch. Dist.*, No. 12-CV-1482 (SJF) (AKT), 2014 WL 795576, at *4 (E.D.N.Y. Feb. 27, 2014)); *see also Ritchie Risk-Linked Strategies*, 282 F.R.D. at 80 (same); *Enzymotec Ltd. v. NBTY, Inc.*, 754 F.Supp.2d 527, 536 (E.D.N.Y.2010) (same). Courts in this District routinely decline to find good cause if the party "knew or should have known" the steps it needed to take "in advance of the deadline sought to be extended." *Smith v. Bradt*, 329 F.R.D. 500, 505 (W.D.N.Y. 2019); *C.f. Shemendera*, 288 F.R.D. at 253 n.3 (finding no good cause where counsel did "little or nothing to schedule depositions" until shortly before the deadline). In particular, a party seeking to reopen an expert discovery deadline "must show that the tardy submission of its desired expert report was not caused by the party's own lack of diligence." *Ritchie Risk-Linked Strategies*, 282 F.R.D. at 79.

Finally, the party seeking an extension bears the burden to demonstrate good cause. *Ramchandani v. CitiBank Nat'l Ass'n.*, 616 F. Supp. 3d 353, 357 (S.D.N.Y. 2022).

### b.    Preclusion is an Appropriate Sanction Where a Violation is Knowing

Rule 37(c)(1) provides "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  Failure to comply with Rule 37(c)(1) is considered harmless if "there is no prejudice to the party entitled to the disclosure." *Preuss v. Kolmar Labs., Inc.*, 970 F. Supp. 2d 171, 175 (S.D.N.Y. 2013) (internal quotation marks and citations omitted).  "Substantial justification may be demonstrated where there is justification to a degree that could satisfy a reasonable person that

parties could differ as to whether the party was required to comply with the disclosure request or if there exists a genuine dispute concerning compliance." *Badolato v. Long Island R.R. Co.*, No. 14-CV-1528, 2016 WL 6236311, at *5 (E.D.N.Y. Oct. 25, 2016) (quoting *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 68 (E.D.N.Y. 2012)).

"The party that violates Rule 26 bears the burden of showing that its violation was either substantially justified or harmless." *Avillan v. Donahoe*, 13-CV-509, 2015 WL 728169, at *7 (S.D.N.Y. Feb. 19, 2015) (internal quotation marks and citations omitted). Even if the nondisclosure is not substantially justified or harmless under Rule 37, a trial court has discretion to decide whether to allow the evidence. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297–98 (2d Cir. 2006). Although district courts have "wide discretion in punishing failure to conform to the rules of discovery," preclusion is an "extreme sanction." *Outley v. City of N.Y.*, 837 F.2d 587, 590 (2d Cir. 1988). Thus, courts "should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Id*. at 591.

Courts considering whether to preclude expert testimony not timely disclosed must consider the following four factors: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the [] testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Med. & Scientific Comm., Inc.*, 118 F.3d 955, 961 (2d Cir. 1997); *see also Potomac Electric Power Co. v. Electric Motor Supply, Inc.*, 190 F.R.D. 372, 377-78 (D. Md.1999) (collecting cases). A party's failure to provide any explanation for its non-compliance with the scheduling order may be dispositive and warrant sanctions. *Softel*, 118 F.3d at 961.

III.    <u>Argument</u>

Application of the Rule 37(c)(1) four-factor test favors imposition of the preclusion sanction against Plaintiffs. As set forth in detail below, Plaintiffs failed to timely seek an extension and offered no explanation whatsoever for their dereliction. As for the second factor, the anticipated expert testimony unquestionably is important given the highly disputed class certification related issues that may be subject to expert testimony, particularly as the named Plaintiffs have failed to establish even their individual standing to maintain their claims. Third, the Micromobility Defendants will be significantly prejudiced if Plaintiffs are permitted to make class certification expert disclosures so late in the game and near the end of fact discovery.

Finally, given Plaintiffs' unexplained and unjustified tardiness, and the imminent (albeit extended) September 30, 2025 class certification motion filing deadline, there is little possibility of a continuance, nor would the Micromobility Defendants seek one. This case has been pending for five years. Twelve of the original sixteen named Plaintiffs (or 75%) and several named defendants have been voluntarily dismissed. As discovery progresses, it is becoming increasingly apparent that Plaintiffs have no meritorious claims, as their original hyperbolic allegations evaporate under the scrutiny of discovery. Sanctions are necessary to ensure both that Plaintiffs comply with the Court's Scheduling Order and Defendants are assured the "just, speedy, and inexpensive determination" of this action in accordance with Rule 1.

a.  **Plaintiffs Did Not Timely Seek An Extension To The June 14, 2025 Expert Disclosure Deadline And Offered No Explanation Whatsoever For Their Failure**

It is indisputable that Plaintiffs were required but failed to timely seek an extension to the June 14, 2025 expert disclosure deadline by June 9, 2025 (i.e., at least five days prior to the deadline pursuant to the Scheduling Order). ECF 313 at 3-4. Despite multiple rounds of briefing, Plaintiffs offered no explanation or justification whatsoever for failing to timely seek an extension of the Scheduling Order's June 14, 2025 expert disclosure deadline. A scheduling order is "'not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril.'" *Eng-Hatcher v. Sprint Nextel Corp.*, No. 07 CIV. 7350 BSJ KNF, 2008 WL 4104015, at *1 (S.D.N.Y. Aug. 28, 2008) (quoting *Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D. Me.1985)). On this basis alone—Plaintiffs' counsel's "cavalier" disregard for the Scheduling Order—sanctions are warranted. *See, e.g.*, *Zap Cellular, Inc. v. Weintraub*, No. 15CV6723PKCVMS, 2024 WL 1659905, at *2 (E.D.N.Y. Apr. 17, 2024) (denying request to amend answer where the party made "no attempt to argue 'good cause'" and failed to act diligently when such proposed modification was premised on information that was known or should have been known to the party) (citing *Guity v. Uniondale Union Free Sch. Dist.*, No. CV 12-1482 SJF AKT, 2014 WL 795576, at *4 (E.D.N.Y. Feb. 27, 2014)).

There can be no dispute that Plaintiffs did ***not*** timely seek an extension of the June 14, 2025 expert disclosure deadline. Their motion was limited to the July 30, 2025 class certification motion filing deadline and did not seek an extension of the June 14, 2025 expert disclosure deadline. Nor could it; that deadline had already expired. Plaintiffs' motion was filed more than two weeks after that June 14 deadline had passed, and three weeks after the June 9, 2025 deadline to seek relief had expired, as was required under the Scheduling Order. *See* ECF 313 at 3-4.

Instead, Plaintiffs' motion was expressly limited to the July 30, 2025 deadline to file their class certification motion. The only reference to the June 14, 2025 expert disclosure deadline was in a footnote buried at the end of their motion wherein Plaintiffs attempted to blame their utter failure somehow on the timing of the Micromobility Defendants' ESI production. ECF 374 at 6, n.2. But Plaintiffs did not even attempt to connect the dots. For example, how would the production of electronically stored information impact or somehow delay Plaintiffs from identifying an expert to support their class certification motion? It is axiomatic that expert testimony cannot be directed to disputed facts or legal conclusions. By way of further illustration, if Plaintiffs intended to show that the putative class is entitled to a class-wide presumption of reliance under the "efficient market hypothesis," rather than requiring individualized proof of reliance, that evidence would be drawn from publicly available information for a supposedly "efficient" market, not from the internal documents of the Micromobility Defendants. *See, e.g.*, *Basic Inc. v. Levinson*, 485 U.S. 224, 246-49 (1988) (holding that a presumption of reliance applies where a plaintiff alleges that misrepresentations were made in connection with securities sold in an efficient market). In any event, the *Basic* presumption cannot apply to the majority of Plaintiffs' initial coin offering claims because such offerings are, by nature, inefficient. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 847 F. Supp. 2d 624, 651 (S.D.N.Y. 2012) (explaining that case law in the Second Circuit indicates that "primary markets are by nature inefficient"); *Shapiro v. TG Therapeutics, Inc.*, No. 22-CV-6106 (JSR), 2022 WL 16555585, at *3 (S.D.N.Y. Oct. 31, 2022) (explaining that the Basic presumption can apply in claims involving allegations of misrepresentations so long as the subject securities were purchased and sold in an efficient market).

In any event, Plaintiffs alone bear the obligation to explain why they could not have timely sought relief despite knowing of the likelihood of possible expert testimony for more than five years beforehand, but they failed to offer any explanation whatsoever. Plaintiffs' failure to offer any explanation (and failure to address the issue altogether) "cuts heavily against" Plaintiffs and in favor of sanctions. The first factor "cuts heavily against" Capricorn, as Plaintiff offers no "legitimate explanation" for its failure to comply with its disclosure requirements. *Capricorn Mgmt. Sys., Inc. v. Gov't Emps. Ins. Co.*, No. 15CV2926DRHSIL, 2019 WL 5694256, at \*7 (E.D.N.Y. July 22, 2019), *report and recommendation adopted*, No. 15-CV-2926 (DRH)(SIL), 2020 WL 1242616 (E.D.N.Y. Mar. 16, 2020) (citing *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2017 WL 2880882, at \*2 (S.D.N.Y. July 5, 2017)).

In truth, Plaintiffs' counsel admitted during meet and confer discussions on June 10, 2025 that Plaintiffs **had not retained any expert** to support Plaintiffs' class certification motion as of that date. *See* Declaration of Robert Heim ("Heim Decl."), ECF 378-1 at ¶3 ("[O]n June 10, 2025, Plaintiffs' counsel Michael Kanovitz stated that Plaintiffs had not retained any expert to support Plaintiffs' class certification motion."). Yet, Plaintiffs delayed for twenty-four days—**nearly one month**—between June 9 and July 3 before seeking to modify the Scheduling Order to extend their class certification motion filing deadline. That Plaintiffs simply failed to retain an expert (despite knowing of the need to support class certification for five years) further supports a preclusion sanction. *See, e.g.*, *Zelaya v. Tutor Perini Corp.*, No. 16 Civ. 272 (AJN), 2017 WL 4712421, at \*3 (S.D.N.Y. Sept. 28, 2017) (finding good cause lacking where, "[a]lthough a deposition on October 27, 2016, one day before discovery closed, spurred [plaintiff] to make some of the discovery requests at issue, he knew of his need for other documents well in advance of October 28, 2016."); *see also Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 142 (S.D.N.Y. 2011) (denying request for discovery where plaintiff "knew of its need for information . . . well before the fact discovery deadline"); *Hyundai Merch. Marine v. U.S.*, No. 89 Civ. 2025 (PKL), 1992 WL 204360, at \*1 (S.D.N.Y. Aug. 10, 1992) (denying motion to compel discovery where "[p]laintiffs suggest no good reason why they waited until the day before the discovery deadline to request information they had known about for at least a month."); *Engles v. Jones*, 405 F. Supp. 3d. 397, 407 (W.D.N.Y. 2019) (no good cause where plaintiff "offered no explanation" for delay in seeking extension).

The truth is that Plaintiffs sought to postpone their class certification filing not because of any genuine discovery deficiency but solely because they failed to find or retain an expert to support their spurious claims. Tellingly, Plaintiffs identified no supposedly missing information that they claim is necessary to support their class certification motion or even connected to a Rule 23 requirement. Class certification focuses not on the merits of Plaintiffs' claims but whether Plaintiffs can demonstrate that Plaintiffs' claims are subject to classwide treatment; i.e., whether "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Plaintiffs must also satisfy Ruler 23(b) and show, among other things, that separate actions would create a risk of inconsistent rulings and there are questions of law and fact common to putative class members predominate over individual issues "and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b). None of these issues implicate discovery from the Micromobility Defendants. In fact, it is Plaintiffs that have frustrated and

stonewalled core class certification related discovery.  For example, Plaintiffs' failure and refusal to produce documents within their custody and control related to their "Know Your Customer" ("KYC") compliance (and non-compliance) and documents related to their investment history and experience is currently the subject of the Micromobility Defendants' separately pending motion to compel. *See* ECF 385-387.

Finally, Plaintiffs' counsel's apparent dereliction in failing to seek an extension of the expert disclosure deadline (or, at minimum, not timely seeking an extension sufficiently in advance of the expert disclosure deadline) provides no good cause to modify the Scheduling Order. "Attorney neglect, carelessness, or oversight is not a sufficient basis for a court to amend a Scheduling Order pursuant to Rule 16(b)." *Lamothe v. Town of Oyster Bay*, No. 08-CV-2078 ADS AKT, 2011 WL 4974804, at *7 (E.D.N.Y. Oct. 19, 2011) (collecting cases).

## b. The Importance Of Expert Testimony Only Underscores Plaintiffs' Abject Failure To Comply With Applicable Deadlines

There can be no doubt that Plaintiffs' anticipated class certification motion has little or no chance of success without supporting expert testimony.  Plaintiffs face numerous fatal challenges. First, Plaintiffs have yet to even establish their standing to maintain their individual claims or their suitability to serve as proposed class representatives.  To date, not all Plaintiffs have produced documentation establishing their alleged transactions in Helbiz Coin, tracing for the consideration supposedly exchanged for Helbiz Coin, that they continuously controlled the anonymous wallets purportedly holding Helbiz Coin, or that they have suffered damages.  Likewise, Plaintiffs have steadfastly refused to produce core documents relevant to allegations that they Plaintiffs themselves made regarding their own circumstances in the Complaint, which necessitated the Micromobility Defendants' recent motion to compel.  ECF 385-387.

Moreover, the Micromobility Defendants have submitted admissible evidence showing that the putative class consists of no more than approximately 3,000 "wallets" that may have possible claims, not the more than 20,500 wallets that Plaintiffs originally alleged.  *See* Declaration of Jonathan Hannestad in Support of Defendant Micromobility.com Inc.'s Response to Order to Show Cause, ECF 358-1 at ¶¶20-27.  Similarly, Plaintiffs have repeatedly exaggerated the potential range of damages.  At most, there is only approximately $600,000 in face value of HBZ outstanding.  *Id*. at ¶19.  The Micromobility Defendants anticipate that these numbers will be further reduced as they discover additional facts showing that certain named Plaintiffs' and/or putative class members' transactions in HBZ coin were void as a matter of law, given prohibitions against participation by U.S. citizens and residents.  Accordingly, Plaintiffs' last and only hope of preserving their claims lies with finding a credible expert who can attempt to rebut the Micromobility Defendants' damning evidence.  Against this backdrop, it is inconceivable and inexcusable that Plaintiffs did not retain an expert at the outset of litigation let alone attempt to seek an extension by the June 9, 2025 relief deadline.

## c. The Micromobility Defendants Will Suffer Prejudice If Sanctions Are Not Granted

If the Court's recent Order extending Plaintiffs' class certification motion filing deadline to September 30, 2025 were construed to also retroactively extend the June 14, 2025 expert

disclosure deadline to August 14, 2025, the Micromobility Defendants will suffer prejudice.  This factor militates in favor of sanctions against Plaintiffs.

Specifically, the Scheduling Order sets that fact discovery cutoff as October 14, 2025.  ECF 313 at 1.  Expert discovery must be completed no later than November 28, 2025.  *Id*. at 3.  If the Court's Order extending Plaintiffs' class certification motion filing deadline is construed to also silently extend the expert disclosure deadline by sixty days (i.e., to August 14, 2025), the Micromobility Defendants will have significantly less time to complete fact and expert discovery that might be pertinent to Plaintiffs' class certification motion and for use at trial.  Courts find this shortening of time to constitute sufficient prejudice warranting sanctions.  *See*, *e.g.*, *Colon v. New York City Hous. Auth.*, No. 16-CV-4540 (VSB), 2024 WL 659938, at *4 (S.D.N.Y. Feb. 16, 2024) ("Had expert disclosure been made at an appropriate time, Defendants may have decided to alter their approach to some of the fact discovery, considered whether to hire a rebuttal expert earlier, or otherwise been able to conduct timely and appropriate expert discovery and assert challenges to Plaintiff's expert's proposed testimony."). Finally, this request and the proposed motion are not premature. This issue is ripe for the Court's determination. If required to await action by Plaintiffs, the Micromobility Defendants will be forced to needlessly waste resources working simultaneously in parallel tracks, seeking relief again while also preparing to address Plaintiffs' class certification motion.

### d.  A Continuance Is Not An Appropriate Remedy And Would Only Compound The Prejudice To The Micromobility Defendants

Continuing the overall pretrial schedule would only reward Plaintiffs' dereliction and dilatory tactics and further prejudice the Micromobility Defendants.  As noted above, this case has been pending for five years.  Despite exhaustive scorched earth discovery of the defendants, and nearly 100 non-party document subpoenas, the Plaintiffs have yet to adduce a shred of evidence supporting liability.  In fact, Plaintiffs have not even established standing to maintain their individual claims.  Instead, Plaintiffs devote their efforts to inventing theories about spoliated documents or demand yet more remote discovery from far-flung source that they believe will somehow resuscitate their fatally flawed claims.  The Court needs to put an end to this harassment and transparent extortion.

## IV.   Proposed Briefing Schedule

The Micromobility Defendants propose the following briefing schedule (or sooner, if the Court prefers) for their proposed motion to preclude Plaintiffs from offering expert testimony in support of their anticipated class certification motion:

August 13, 2025 – Micromobility Defendants' Motion Due.

August 20, 2025 – Plaintiffs' Opposition Due.

August 22, 2025 – Micromobility Defendants' Reply Due.

## V.    Conclusion

Plaintiffs did not seek to extend the June 14, 2025 class certification-related expert disclosure deadline.  Instead, Plaintiffs sought only to extend their July 30, 2025 class certification motion filing deadline.  Moreover, their extension motion was filed long after the June 14, 2025 expert disclosure deadline and the June 9, 2025 relief deadline had passed.  Consistent with the limited relief requested by Plaintiffs, the Court's Orders granted Plaintiffs' request to extend their class certification motion filing deadline only, and do not retroactively extend the expired expert disclosure deadline.

To avoid all doubt, and for the reasons stated above and in more detail in Plaintiffs' forthcoming motion to preclude expert testimony, the Court should entertain and grant Plaintiffs' request to preclude any expert testimony in support of Plaintiffs' anticipated class certification motion.

Respectfully submitted,


_/s/ Robert G. Heim_
Robert G. Heim

_/s/ Benjamin Galdston_
Benjamin Galdston


TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018

OMNUM LAW APC
4350 Executive Drive, Suite 350
San Diego, CA 92121


*Counsel for Micromobility Defendants*


cc: All Counsel of Record (via ECF)