# LOEVY + LOEVY

311 N. Aberdeen Street<br>
Chicago, Illinois 60607<br>
(312) 243-5900<br>
www.loevy.com

August 7, 2025

**Via CM/ECF**
United States District Court
Southern District of New York
Honorable Judge P. Kevin Castel
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RE: *Barron et al., v. micromobility, et al*., Case No. 20-cv-4703: Letter to Judge Castel in Response to Defendants' Letter at Docket 388.

Dear Judge Castel:

  Plaintiffs, Ryan Barron, Grant Echols, Daniel Grieves, and Andrew Szklarek (collectively "Plaintiffs"), submit this response to Defendants' letter seeking to move to bar Plaintiffs from relying on experts in support of class certification ("Letter to Bar"), Dkt. 388. The Court should deny Defendants leave to file the requested motion because it is a serial second motion for reconsideration and because it is substantively unfounded.

  The Court previously decided both Plaintiffs' Motion seeking to extend the schedule for filing class certification and Defendants' Motion to reconsider the Court's grant of Plaintiffs' Motion. To summarize, Plaintiffs moved the Court to extend the Class certification deadlines because they had yet to receive all of Defendants ESI (which they still have not) and because they had uncovered an unexpected revelation: evidence indicating that the SEC's Division of Enforcement conducted an investigation into Helbiz Coin in 2018 and that Defendants misled it. Dkt. 374 at 2–3 (citing Dkt. 374-2 (SEC's 7/25/18 Letter)).[1] In particular, Plaintiffs uncovered

---

[1] The letter requested that Defendants provide information about Helbiz Coin and furnish a host of documents. *Id*. at 1 ("The staff of the United States Securities and Exchange Commission is conducting an investigation relating to the above-referenced matter to determine if violations of the federal securities laws have occurred. In connection with this investigation, the staff requests that Helbiz, Inc. ("Helbiz") immediately preserve, and voluntarily provide us with, the information and documents set forth in Attachment A by 5:00 p.m., Wednesday, August 15, 2018.").
  To date, Plaintiffs have received some of the correspondence and documents that Defendants sent to the SEC in response, showing that Defendants were attempting to convince the SEC that the ICO of Helbiz Coin took place in Singapore and did not involve any U.S. investors and was therefore outside of the agency's jurisdiction. Defendants claim, for example, that only Helbiz Mobility Systems possesses most of the documents the SEC requested even though Defendants' ESI shows that many of these

evidence that Defendants used interstate wires to send untrue statements to the SEC and to create and transmit faked documents (which can constitute predicate acts of Plaintiffs' RICO claim). *Id*. at 4–5. The SEC's investigation evidently did not result in the SEC requiring Defendants to reimburse the coin purchasers as it did in other contemporaneous ICO-related investigations.[2]

Accordingly, Plaintiffs informed the Court that they wanted to involve an expert on SEC procedures. *Id*. at 5.  As stated, the purpose for involving an expert was to evaluate whether the false statements and fake documents were likely to have influenced the agency's decision not to require Defendants to reimburse the coin purchasers for their payments. *Id*. Plaintiffs also noted that Defendants still had not turned over all of their documents (and had not even committed to when they would do so) and therefore that Plaintiffs might still uncover more information relevant to class certification. *Id*. at 2. Accordingly, "Plaintiffs respectfully request[ed] that the Court modify the schedule for filing class certification, granting through and including September 30 to file their motion and, with it, disclose expert opinion in support." *Id*. at 7.

The Court granted Plaintiffs' motion. Dkt. 377. As the Court will recall, Defendants filed a motion for reconsideration, arguing, among other matters, that the Court should prohibit Plaintiffs from relying on an expert at class certification. Dkt. 378 at 2; Dkt. 379 at 2. The Court denied the motion to reconsider finding that the extension would serve the ends of justice. Dkt. 384.

Defendants' proposed motion to bar Plaintiffs from relying on an expert in advance of the certification motion is a thinly veiled second motion for reconsideration. It seeks the exact same relief as their prior motion for reconsideration and should therefore be denied. "A litigant is entitled to a single motion for reconsideration." *Guang Ju Lin v. United States*, No. 13-cv-7498 (SHS), 2015 WL 747115, at *2 (S.D.N.Y. Feb. 18, 2015) (citing Local Civ. R. 6.3).

Additionally, the three bases Defendants state they would assert in their second motion are also substantively flawed. For one, they claim that Plaintiffs' motion to extend did not seek an extension of the time to disclose an expert in support of class certification. Dkt. 388 at 2. That argument is frivolous.  Plaintiffs' motion went into detail about the contemplated SEC expert, Dkt. 374 at 4–6, and expressly requested until September 30, 2025, to disclose expert opinion in support of class certification. *Id*. at 7. Moreover, Defendants' Opposition and Motion for Reconsideration both expressly acknowledged that Plaintiffs had sought and received that relief. Dkt. 378 at 2; Dkt. 379 at 2.

---

documents were in fact possessed by Defendants. Defendants have designated many of their communications with the SEC confidential and, as Plaintiffs have not had time to challenge these designations, we do not attach them as exhibits to this filing. Plaintiffs have located and retained an expert with the requisite SEC experience needed to evaluate this evidence and opine on its likely impact on the SEC's investigation.

[2] *See, e.g.*, SEC, ICO Issuer Settles SEC Registration Charges, Agrees to Return Funds and Register Tokens As Securities, (Feb. 19, 2020) (available at: https://www.sec.gov/newsroom/press-releases/2020-37); SEC, Issuer Settles Unregistered ICO Charges, Agrees to Return Funds and Register Tokens, (Dec. 18, 2019) (available at https://www.sec.gov/newsroom/press-releases/2019-267).

Second, Defendants claim that Plaintiffs failed to show good cause. Dkt. 388 at 5–7. But Plaintiffs discussed their reasons for good cause in their initial motion (which included that Defendants had not timely turned over the SEC evidence such that Plaintiffs could not have foreseen the need for an expert and Plaintiffs acted diligently, *id*. at 3–4) and the Court has already stated its reasons for finding good cause. Dkt. 384 at 2.

Third, Defendants claim that they will be prejudiced, Dkt. 388 at 8, which they already argued and lost in their first motion for reconsideration. Dkt. 379 at 3. Additionally, Defendants skip over the fact that expert discovery is not scheduled to close until November 28, 2025, while Plaintiffs will be disclosing the class certification expert opinion two months before that time. Thus, Defendants actually have more time to respond to Plaintiffs' class certification experts than to Plaintiffs' other experts and more time than Plaintiffs will have to respond to all of theirs.[3]   Defendants can and presumably will seek whatever time to file their response brief to class certification that they think is appropriate after they see Plaintiffs' motion.

Thank you for your time in this matter.

                                                                 RESPECTFULLY SUBMITTED,

                                                                 s/ Michael Kanovitz
                                                                 One of counsel for Plaintiffs

Michael Kanovitz (*pro hac vice*)
Jon Loevy (*pro hac vice*)
Julia Rickert (*pro hac vice*)
Heather Lewis Donnell
Anand Swaminathan
Isaac Green (*pro hac vice*)
Jacob Costello (*pro hac vice*)
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
mike@loevy.com

cc: All parties via CM/ECF

---

[3] Defendants suggest, incorrectly, that the Court granted Plaintiffs an extension for experts only until August 14, 2025, Dkt 388 at 8, but Plaintiffs requested until September 30, 2025, and that is what the Court granted. Neither would such a deadline be appropriate. Plaintiffs moved to extend because they were still awaiting the Defendants' discovery (which is still not complete) and more than half of the five individual Defendants have yet to appear for their deposition. September 30 was then and remains now an appropriate date by which Plaintiffs can disclose class certification expert opinion while acting diligently. Plaintiffs selected and are working with their retained expert under that timeframe.