UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RYAN BARRON, et al.,

                    Plaintiffs,

                                                       20-cv-4703 (PKC)

         -against-                                         ORDER

MICROMOBILITY.COM INC. f/k/a HELBIZ
INC., et al.,

                    Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        The Court has had an opportunity to review the extensive submissions in support

or opposition to various forms of relief, including quashing a subpoena directed to non-party

Law Finance Group LLC ("LFG"), staying the action pending a motion to disqualify plaintiffs'

counsel or otherwise adjusting the schedule in this case.

        The Court is familiar with the allegations in Advanced Flower Capital, Inc., et al.

v Kanovitz, et al., 25-cv-2996 (PKC), an action assigned to the undersigned.  That action has

been pending in this Court since April 10, 2025.  The pendency of the lawsuit was referred to in

a report published on Law360, a popular legal website, on May 9, 2025.  On October 1, 2025, the

day after plaintiffs filed their much-anticipated motion for class certification, defendants served a

subpoena in this action on LFG, a litigation funder, expressly referencing the Advanced Flower

litigation.

In seeking discovery of LFG, defendants assert that Advanced Flower was defrauded by plaintiffs' counsel, who diverted funds to pay off an obligation to LFG. Defendants speculate that LFG may have provided funding to plaintiffs' counsel for this action.[1]

Rule 23, Fed. R. Civ. P., was amended in 2003 to add subdivision (g), which gives the Court the latitude to decide the issue of certification of the class, together with appointment of counsel for a certified class or, separately, after determining that the class ought to be certified.  To the extent relevant in this case, subdivision (g) provides that "a court that certifies a class must appoint class counsel" and proceeds to set forth non-exhaustive considerations, adding that the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Rule 23(g)(1)(A) & (B). Implicit in the language of the rule is that the appointment of class counsel may proceed separately and subsequently to the certification of a class.

There is a pending motion to certify the class.  The Court declines to defer further briefing on the motion pending discovery and a motion to disqualify counsel.  The Court will stay discovery of LFG or any matter relating to the claim in Advanced Flower.

Discovery of LFG is related principally to the deeds or misdeeds of plaintiffs' counsel.  Any response to a subpoena by LFG would not end the quest to probe the depths of the allegations in the Advanced Flower litigation.  The relationship of any named class representative to LFG or Advanced Flower is purely speculative and of marginal relevance to the motion to certify.

If the Court were to grant a motion to certify a class, the Court would then consider who to appoint as class counsel.  Discovery responsive to the subpoena—and other

---

[1] A declaration of the general counsel of LFG states that it has recourse loan with plaintiffs' counsel for which repayment is not dependent upon the outcome of any lawsuit.  It also has a nonrecourse "purchase agreement" on a different case but it is not this case nor in any other within this Circuit.  (ECF 404-1.)

- 3 -

discovery that would undoubtedly follow from defendants' counsel—may have significance to the Court's decision on the appointment of counsel.  The counsel who developed and filed the initial claims is not necessarily an appropriate class counsel to pursue those claims.

If the class is not certified, the Court will consider a motion to disqualify, but a yet-to-be-proven allegation of wrongful or illegal conduct asserted in collateral litigation over a business deal would need to be shown as a basis for disqualification by a stranger to that business deal.

If defendants have not designated a rebuttal expert on class certification, they shall do so within twenty-one days of this Order.  Defendants' time to respond to the class certification motion is extended to January 30, 2026.  Plaintiffs' reply is due February 20, 2026.

The date in paragraph 7 of the Case Management Plan and Scheduling Order (ECF 313) is extended to February 20, 2026.  The November 5, 2025 conference is VACATED.

Letter motion at ECF 401 should be terminated.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
        October 30, 2025