UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN BARRON, ET AL.<br><br>*Plaintiffs*,<br><br>v.<br><br>MICROMOBILITY.COM INC., ET AL.<br><br>*Defendants*. | Case No.: 1:20-cv-04703 (PKC) |

## DECLARATION OF BENJAMIN GALDSTON, ESQ.

Pursuant to 28 U.S.C.§ 1746, I, Benjamin Galdston, hereby declare as follows:

1.  I submit this declaration in accordance with the Court's January 27, 2026 Order (Dkt. 407).

2.  I have personal knowledge of the facts stated in this declaration and if called upon can and would testify competently thereto.

3.  I am President of Omnum Law APC located at 4350 Executive Drive, Suite 350, San Diego, California. I am one of the lawyers representing defendant Salvatore Palella in the above-captioned action.

4.  I am licensed to practice law in the State of California and have been licensed continuously since December 7, 2000. My California State Bar number is 211114. My California license has never been suspended, nor have I ever been the subject of any disciplinary action or sanction.

5.  I am currently a sole practitioner. I was formerly associated with the law firms Barrack Rodos & Bacine (2002-2004); Bernstein Litowitz Berger & Grossmann, LLP (2004-2019); and Berger Montague (2019-2021).

6. I first appeared as counsel for a party in this District in litigation titled *The Football Association Premier League Ltd., et al. v. YouTube, Inc., et al.*, Case No. 1:07-cv-03589. Thereafter, I appeared as counsel in nineteen subsequently filed matters in this District (including this *Barron* litigation). A list of those matters, including case numbers, was provided to Plaintiffs' counsel, Mr. Kanovitz, on October 30, 2025. *See* Dkt. 406-1 at pp. 2-3.

7. Those matters in which I have appeared as counsel of record in this District are listed in full below:

| Case Number | Case Name | Date Filed |
|---|---|---|
| 1:2007-cv-03589 | *The Football Assoc. Premier League Ltd., et al. v. YouTube, Inc., et al.* | 11/17/2013 |
| 1:2009-cv-04583 | *In Re IndyMac Mortgage-Backed Securities Litigation* | 05/14/2009 |
| 1:2011-md-02262 | *In Re: Libor-Based Financial Instruments Antitrust Litigation* | 08/12/2011 |
| 1:2013-cv-00398 | *Los Angeles County Employees Retirement Association v. Bank of America Corp., et al.* | 01/17/2013 |
| 1:2013-cv-01135 | *County of Riverside v. Bank Of America Corporation, et al.* | 02/20/2013 |
| 1:2014-cv-08175 | *Royal Park Investments SA/NA v. HSBC Bank USA National Association* | 10/10/2014 |
| 1:2014-cv-09366 | *Blackrock Balanced Capital Portfolio (FI), et al. v. HSBC Bank USA* | 11/24/2014 |
| 1:2014-cv-09367 | *Blackrock Balanced Capital Portfolio (FI), et al. v. Deutsche Bank National Trust Company, et al.* | 11/24/2014 |
| 1:2014-cv-09371 | *Blackrock Allocation Target Shares: Series S Portfolio, et al. v. Wells Fargo Bank, National Association, et al.* | 11/24/2014 |
| 1:2014-cv-09372 | *Blackrock Allocation Target Shares: Series S Portfolio, et al. v. The Bank of New York Mellon, et al.* | 11/24/2014 |
| 1:2014-cv-09373 | *Fixed Income Shares: Series M, et al. v. Citibank N.A., et al.* | 11/24/2014 |
| 1:2014-cv-09401 | *Blackrock Allocation Target Shares: Series S Portfolio, et al. v. U.S. Bank National Association* | 11/24/2014 |
| 1:2014-cv-10116 | *Phoenix Light SF Limited, et al. v. U.S. Bank National Association, et al.* | 12/24/2014 |

| Case Number | Case Name | Date Filed |
|---|---|---|
| 1:2015-cv-02214 | *Skagen AS, et al. v. Petroleo Brasileiro S.A.—Petrobras, et al.* | 03/23/2015 |
| 1:2015-cv-09182 | *The Hartford Mutual Funds, Inc., et al. v. Petroleo Brasileiro S.A.—Petrobras, et al.* | 11/20/2015 |
| 1:2015-cv-09243 | *Massachusetts Mutual Life Insurance Company, et al. v. Petroleo Brasileiro S.A.—Petrobras, et al.* | 11/23/2015 |
| 1:2016-cv-03711 | *City of Atlanta Firefighters Pension Fund v. Bank of America, N.A., et al.* | 06/03/2016 |
| 1:2016-md-02704 | *In re: Interest Rate Swaps Antitrust Litigation* | 06/03/2016 |
| 1:2016-cv-04485 | *Louisiana Sheriffs' Pension Relief Fund v. Bank of America, N.A., et al.* | 06/14/2016 |
| 1:2020-cv-04703 | *Barron et al v. micromobility.com Inc., et al.* | 06/18/2020 |

8. I have never been the subject of any disciplinary proceeding or sanction in this District or any other court nationwide.

9. I entered my notice of appearance in this litigation on February 10, 2025, stating in pertinent part that I was "admitted and authorized to practice in this Court." *See* Dkt. 327. Prior to filing my notice of appearance in this action, I asked my assistant at the time to confirm with the office of the Clerk of this Court that my admission was in good standing. To the best of my recollection, my assistant did so by telephone, following which my notice of appearance was entered.

10. When Mr. Kanovitz initially questioned me regarding my admission, I personally researched my prior admissions and status electronically via PACER as the Clerk's office was unavailable by phone at that time due to the federal government shutdown.

11. I subsequently made additional efforts to confirm my admission status. I spoke with the Clerk of the Court's office via telephone and, at the staff member's direction, I submitted a request for a certificate of good standing electronically via PACER. A true and correct copy of my

3

payment receipt is attached hereto as **Exhibit 1**. To date, I have not received a response to this request. Based on subsequent discussions with the Clerk's office, I understand that I did not receive a response likely because I was unable to provide a precise date of admission and certain historical records may not be digitized in the Court's system.

12. In further effort to find my original certificate of admission, I searched my physical and electronically stored records, including records maintained in offsite storage, and asked my former assistant to search archival files in her possession from our time working together at both the Bernstein Litowitz and Berger Montague firms. Those searches remain ongoing but have not located either a SDNY bar number or a wall certificate to date.

13. I also corresponded with the District's "Help Desk Services" via email in accordance with the clerk's instructions. As of the date of this filing, the Help Desk Services representative's last communication to me on February 2, 2026, stated: "Please give us time to look for your records via paper from between 2012 – 2014." I have not received any further communication from Help Desk Services since February 2, 2026. A true and correct copy of our correspondence is attached as **Exhibit 2**.

14. To the best of my recollection and understanding, I was generally admitted in this District between 2012 and 2014. At all times relevant herein, I believed (and continue to believe) that my admission remains in good standing in this Court. I have never intended to mislead the Court. Nevertheless, to avoid further uncertainty and distraction, I respectfully request the Court grant me admission *pro hac vice nunc pro tunc*.

I declare under penalty of perjury, that the foregoing is true and correct. Executed on this 4th day of February, 2026, in San Diego, California.

_____
BENJAMIN GALDSTON, ESQ.