UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
RYAN BARRON, et al.,

                Plaintiffs

    -v.-

micromobility.com Inc., f/k/a HELBIZ INC., et al.

                Defendants.
-----------------------------------------------------------------------

20-cv-4703 (PKC)

ORDER

CASTEL, U.S.D.J.

Defendant Skrill seeks relief with respect to plaintiffs' responses to Requests to Admit ("RFAs), specifically RFAs 1, 2, 3, 4, 5, 6, 8, 9, 11, 12, 15, 16, 17. 18, 19, 20, 21, 23, and 24. The Court has considered Skrill's application (ECF 426) and plaintiffs' response (ECF 428).

The Court orders as follows:

1. Plaintiffs raise a timeliness objection to the RFAs that were served on January 12 rather than the deadline of January 9, 2026. Because it was an "interim deadline" it could have been extended on the consent of the parties or by the Court. Because the delay was brief, i.e. one business day, and had no impact on the schedule, the Court declines to strike the RFAs.

2. "Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Advisory Committee Notes to 1970 Amendment. With regard to RFAs 1, 2, 3, 4, 5, 6, 8, 9, 11, 12, 15, 17, 19, 20, 22 and 24 plaintiffs, after stating their objection, have responded with outright denials. Thus, defendants are on fair notice that the matter is in dispute. "The

party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit." Id. The Court cannot decide in this pretrial posture whether there are good reasons for the refusal to admit. If at trial, it turns out that the failure to admit was objectively baseless, then there are remedies available to the party serving the RFA.

3. RFAs 17, 18 and 23 ask plaintiffs to "[a]dmit that Skrill USA was not involved in Helbiz's alleged efforts to" defraud or commit perjury or send[] false information to or before the SEC. Plaintiffs respond that after conducting a reasonable inquiry into the matter and reviewing all information that is known or readily obtainable, they "lack a sufficient basis to admit or deny the request[s]". Plaintiffs would have faired better if they had stopped there. Instead, they added "therefore the Request is denied. The denial does not flow from the plaintiffs' lack of information and is stricken leaving the balance of the response.

4. There appears to be an irreconcilable conflict between the plaintiffs' responses to RFAs 16 and 22. In response to RFA 22, plaintiffs have admitted "that Skrill USA was not involved in Helbiz's alleged manufacturing of false evidence" yet plaintiffs claim to lack a sufficient basis to admit or deny "that Skrill USA was not involved in Helbiz's alleged efforts to fabricate evidence to the SEC. " Because fabricate and manufacture are synonyms lack of involvement in Hlebiz's fabrication or manufacturing of evidence would be inclusive of such acts directed to the SEC. The Court will require the

plaintiffs to file a declaration of their counsel within 7 days explaining the distinction that enabled them to claim a lack of information in responding to RFA 16 while admitting RFA 22.

5. Except to the extent granted in paragraphs 3 and 4 hereof, all other relief sought by any party is DENIED.


SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
        March 26, 2026